TUTT, TO USE OF HARDY, Respondent, vs. HOBBS, Appellant.

1. A public officer is not personally liable on contracts made by him in his official capacity.

*Appeal from Henry Circuit Court.*

*Hicks,* for appellant. 1. The appellant and Elkins made the agreement with respondent, as trustees of the school district, and this was known to the respondent; they were authorized by law and by the district to employ a teacher; they are, therefore, not liable in their individual capacity. *Rathbun* v. *Budlong,* 15 J. R. 1. *Cairns & Lord* v. *Bleeker,* 12 J. R. 300. 1 Tenn. R. top paging, 103, 386. *Swift* v. *Hopkins,* 13 J. R. 312. 2. The appellant was entitled to notice of the non-payment of the order. 20 J. R. 149. 1 M. & S. 229. Bailey on Bills, 5, 306.

*Ballou* and *Wright,* for respondent. The appellant is individually liable on the original contract, as well as on the order. *Packard* v. *Nye,* 2 Met. 47. *Barker* v. *Mechanics' Fire Insurance Co.,* 3 Wend. 94. *Simonds* v. *Howell,* 23 Pick. 120. 16 Pick. 347. 11 Mass. 27. The credit was given to the appellant. 1 Chitty's Pl. 37. 1 Brown's Ch. Rep. 92. 5 Barn. & Ald. 34. Admitting that the trustees were not originally individually liable, yet they have made

themselves so, by their breach of duty in not levying and collecting the school rates against the inhabitants, to make up any deficiency of the township, county and state school money, to pay the plaintiff.  5 Maule & S. 34.  *Smythe* v. *Spaulding*, 13 Mo. Rep. 529.  Again, they exceeded their authority in employing a teacher when they had not the funds on hand to pay him, and thereby rendered themselves individually liable. 13 Mass. 193.  11 ib. 97.  4 ib. 595.  2 N. H. 352.  The appellant is also liable on the order.  1 Mo. Rep. 488.  Conceding that it was a bill of exchange, he was not entitled to notice of non-payment, because it was proved that when it was drawn, the drawee had no funds in his hands belonging either to the appellant or to the school district.

RYLAND, Judge, delivered the opinion of the court.

The plaintiff below sued Hobbs on the following order, before a justice of the peace, viz. :

" To James Freeman, commissioner of common schools, in township No. 43, and range 26, Henry county, Missouri :

" Dear Sir—Pay to Gabriel Tutt, or order, one hundred and seventy-five dollars 75-100 cents, being the amount of tuition due him April 1st, 1848.

" S. B. HOBBS, } Trustees."
" P. D. ELKINS, }

On which order were the following endorsements :

"April 4th, 1848.  Received on within,  -  -  $11 75
June 9th, 1848.  Received on within,  -  -  -  18 10
June 10th, 1848.  Received on within,  -  -  -  19 87½
Feb'y 3d, 1849.  Received on within,  -  -  -  4 85
Feb'y 26th.  Received,  -  -  -  -  -  -  -  50 00

The balance of the within order I protest the payment of, for want of funds belonging to said township.

JAMES FREEMAN, S. C."

The writ was not served on Elkins, and the justice of the peace rendered judgment against Hobbs, who appealed to the

Circuit Court, where judgment was again rendered against him. The case is brought to this court by appeal.

On the trial of the cause in the Circuit Court, there was proof showing that Hobbs and Elkins were trustees of the public school in the township, and that Freeman was school commissioner; that Gabriel Tutt had taught school in the township about nine months, and that the amounts credited on the order were the moneys arising from the school township, and belonging to its funds. The court tried the case without a jury. The defendant asked the court to declare the law to be that, " if the court should find from the evidence, that the defendants, at the time of making the order in controversy mentioned, were trustees of school district therein mentioned, and as such trustees gave said order, on said school commissioner, then they are not liable to plaintiff on said order, and the verdict must be for the defendant."

The court refused to give this instruction, and defendant excepted.

It seems that the original agreement between Hobbs and Elkins, as trustees, and Tutt, had been filed with the justice of the peace, and was sent up with the papers and transcript of the judgment, by the justice, on the appeal.

The court, on defendants' motion, declared that plaintiff could not recover in this suit on this agreement, as the amount therein exceeded the jurisdiction of the justice's court, and as the said agreement was not made the foundation of the suit in the justice's court. The agreement then being set aside, and not considered in the case, the right of recovery rested on the order alone.

1. In the opinion of this court, the court below erred in refusing to declare the law as prayed for above by the defendant. Whenever the contract is made by public officers, or by agents appointed to discharge public trusts and duties, then the agents are not individually liable, as a matter of course. They may make themselves personally and individually responsible by the use of terms indicating such responsibility or such per-

sonal liability. Here the persons drawing the order were trustees of a township school district; they were in a public capacity; duties prescribed by law were to be attended to by them; they draw their order on another public officer—a school commissioner of the township—his duties also prescribed by law; the order is for so much money, the "amount of tuition due him;" the commissioner pays from time to time the moneys appropriated for payment of teachers, until he protests the payment, because there are no more funds of that character in his hands. From the nature of this whole transaction, it is to be seen plainly, that Tutt knew what fund he was to look to for his pay. There is nothing in the manner the order is worded, indicating a contract or promise to pay by the trustees individually, if the school commissioner refused to pay. The general doctrine is, that an agent who makes a contract on behalf of his principal, whose name he discloses at the time to the person with whom he contracts, is not personally liable, and in this respect there is no difference between an agent for government and an individual.

Numerous English and American authorities support this doctrine. I will cite but one or two. The case of *Macbeath* v. *Haldimand*, 1 T. R. 172 and 173, fully sustains it. In the case of *Hodgson* v. *Dexter*, 1 Cranch, 105, in the Supreme Court of the United States, this doctrine is recognized, and declared to be consonant with "policy, justice and law."

In the opinion of this court, the Circuit Court erred, and its judgment must be reversed; the other judges concurring herein.