30 491
40a 510

◄●●►

### Hodges, Respondent, v. Runyan, Appellant.

1. Where a public agent, in the character of such agent, acknowledges a liability—as where the president of a board of trustees of a school district, as trustee, promises, on behalf of such trustees, by a written promissory note, to pay a liability incurred for the building of a school-house—such agent is not personally liable.

*Appeal from Putnam Circuit Court.*

The following is the promissory note sued on: " $65.00. St. John, Mo., April 8, 1856. Twelve months after date, I promise, on behalf of the trustees of school district No. 2 of

school township No. 14, of Putnam county, Mo., to pay, to the order of Giles Hodges, the sum of sixty-five dollars, for value received. [Signed] Trustee, A. S. Runyan."

*Ryland & Son*, for appellant.

I. The court erred in striking out defendant's demurrer. The matters set forth, which must be taken as true, constitute a defence to the action.

*Harris*, for respondent.

EWING, Judge, delivered the opinion of the court.

This was an action on a promissory note by which the defendant promises to pay the plaintiff twelve months after date, " on behalf of the trustees of school district No. 2 of school township No. 14, of Putnam county, Mo.," the sum of sixty-five dollars, for value received, and signed by him as trustee. The answer alleges, among other matters, that the debt, for which the note was given, accrued to plaintiff for building a school-house for district No. 2, pursuant to an agreement entered into between the trustees and plaintiff previously to the execution of the note, by which agreement plaintiff was to receive his compensation out of such means and funds belonging to said district as might be lawfully appropiated to that object, and as might be within the control of the trustees when the demand became due ; that defendant was then one of the trustees and president of the board, and that, by the authority and on behalf of said board, he, as such trustee and president of the board, executed said note for the consideration mentioned, and that said note, when given, was expressly understood between the plaintiff and defendant to be regarded as only the official act of defendant as trustee, and that he was not to be held personally liable for the payment of the same ; that said note was to be paid out of a tax to be levied on the inhabitants of the school district for the purpose of building a school-house ; and that there has not been any money in the hands of the trustees that could be used for the payment of said note.

The answer, on motion of the plaintiff, was stricken out, and no further answer being filed, judgment was rendered for the sum claimed. The only question is whether the answer contained a legal and sufficient defence to the action.

An officer or public agent may, consistently with the policy of the law, waive his official immunity, and create a personal liability in contracts made on behalf of the public, but the presumption in such cases is, that no such personal responsibility is intended to be incurred; and that the obligee or payee looks to the credit and relies upon the good faith of the government, public, or corporation, as the case may be, for the fulfilment of the contract entered into with its agent or officer; and this presumption may be only rebutted by circumstances which clearly establish an intention to the contrary. (Story on Ag. 306.)

In the case before us the defendant has, by the terms of the instrument sued on, clearly designated the official relation in which he stood to the transaction and to the other parties thereto, and has so separated his official from his personal character as to create no legal obligation or impose no duty beyond that of applying the public funds to the discharge of the debt, when they shall be made available. The defendant contracts as a trustee, and, on behalf of the trustees of a school district in a particular township, he promises payment, thereby manifestly pointing to the source of the obligation, and undertaking himself to be the mere medium of transferring from the trustees, or district, whose officer or agent he is, a debt which he acknowledges to be due from such district as the real debtor. There was obviously no intention to create a personal liability by the note in question; and the plaintiff could not have been misled in any such belief by any thing it contains. See the case of Tutt v. Hobbs, 17 Mo. 488.

Judgment reversed and the cause remanded; the other judges concurring.