JACQUEMIN AND SHENKER, Appellants, v. F. M. ANDREWS *et al.*, Respondents.

### Kansas City Court of Appeals, April 14, 1890.

Schools : DRAWING WARRANT : LIABILITY OF DIRECTORS. ' If the directors limit their drafts for any school year on any fund to the amount thereof derived from all sources for that year, the drawing of a warrant on such fund, when there is no money in it at the exact date of such warrant, and when the directors knew such fact, is not such an unauthorized exercise of power as to make them personally liable for the amount of the warrant so drawn, there being no fraud nor consequent damage or loss.

*Appeal from the Platte Circuit Court.*—HON. JAMES M. SANDUSKY, Judge.

AFFIRMED.

*C. H. Hillix* and *James W. Coburn*, for the appellants.

(1) Petitions shall be liberally construed, "not most strongly against the pleader." *Stillwell v. Hamm*, 97 Mo. 585. (2) Ordinary school districts are not public corporations. 1 Morawetz Private Corp., sec. 6,

p. 6; *Heller v. Stremmel*, 52 Mo. 309. Only an incorporated school district is a public corporation. *Heller v. Stremmel*, 52 Mo. 309; 1 Dillon Munic. Corp. [3 Ed.] sec. 22, p. 29. (3) Even a public agent is liable for the issue of an inadequate security. Wharton on Agency, sec. 512, p. 335. Or for the issue of an unauthorized security. 1 Morawetz Private Corp., sec. 574, p. 545. (4) Every agent is liable "where he has no authority and knows it, but nevertheless makes the contract as having such authority." *Humphrey v. Jones*, 71 Mo. 62; *Heath v. Goslin*, 80 Mo. 310; *Wright v. Baldwin*, 51 Mo. 271. (5) "A person who assumes to contract as an agent must see to it that his principal is legally bound by his act; for if he does not give a right of action against his principal the law holds him personally responsible. It is not for the plaintiff to show that he had no authority; the defendant must show affirmatively that he had." *Lapsley v. McKinstry*, 38 Mo. 247. (6) In any event the directors are liable for the warrants issued after the Laws of 1885, page 242, went into effect.

No brief for respondents.

SMITH, P. J.—The defendants in this case interpose a demurrer to the plaintiffs' petition, on the ground that it failed to state a cause of action, which was sustained; judgment was rendered for the demurrant and from which plaintiffs have appealed.

It stands admitted by the demurrer, so far as we are at present concerned, that the defendants, who were directors of the school district mentioned in the petition, lawfully engaged Olive Cook as teacher in said school district for the school year ending in the spring of 1886, and that on February 5, 1886, a warrant was issued and delivered to her by order of defendants, as such directors, signed and attested as required by law in payment of her services as such teacher, and drawn on the treasurer of Platte county for $33.33 payable out of any

funds in the hands of such treasurer for the payment of teacher's wages belonging to said district, when there then were no funds in the hands of said county treasurer, belonging to said school district for the payment of teachers' wages, which defendants then well knew, and that the plaintiffs were the legal owners of said warrant, etc.

The question is, therefore, whether from these admitted facts the circuit court was authorized to deduce the legal inference of the non-liability of the defendants in their individual capacity. The learned circuit court judge in his opinion, which is in the record, states the ground which influenced his action in sustaining the demurrer to be :

"*First.* The defendants, as directors of a school district, were public agents ; as such, all persons were required to take notice of the extent of their authority, and of all limitations thereon, for the reason that their authority and the limitations upon it were fixed by public statute law, of which all persons were bound to take notice. No person could, therefore, be misled or deceived as to the extent of their authority.

"*Second.* The county treasurer's books, at the time said warrant was issued, would have shown whether any funds were on hands for the payment of teachers' wages, and the teacher to whom the warrant was issued and the directors had equal opportunities of knowledge as to the state of said funds.

"*Third.* The warrant purports to be the obligation of the district ; on its face it contains no personal undertaking of the directors, and could only have been accepted as the warrant of the district.

"*Fourth.* The warrant was issued for a past consideration. The services had already been rendered under a contract with the district, and upon the faith of the district only ; the defendants were merely the medium of transferring, by this warrant, certain funds

of the district to the teacher for certain services already rendered, upon the credit of the district only.

"*Fifth.* It does not appear from the petition that any credit was at any time extended to the directors, or that their personal liability was contemplated by either party at the time the warrant was issued, or that they intentionally misled any one to his prejudice or that the teacher misunderstood their official relation or the character and object of the official act in issuing the warrant, or that he didn't understand all the facts, or have the same opportunity for understanding as the directors.

"The mere fact that the district may not be bound does not necessarily bind the directors personally. The foregoing considerations were applied and illustrated in the following cases, which very pointedly bear upon the issue involved: 8 Mo. App. 373; 84 Mo. 578; 71 Mo. 62; 30 Mo. 491; 17 Mo. 488; Story of Agency, sec. 265."

This seems to be a fair and correct statement of the law of the case. We may add that the government of the school district is vested in a board of directors, composed of three members. Their powers and duties are prescribed by statute. For the performance of these duties they receive no salary or compensation. It is a trust reposed in them, the execution of which is oftentimes attended with difficulty and embarrassment; and the question which we have to determine is, whether these officers are personally liable upon the facts stated in the petition, which stands admitted by the demurrer. The allegation is that they caused an order to be drawn on the county treasurer for teacher's wages, when they knew there was then no money in that fund. It is not alleged that there did not afterwards, during that school year, come into the teacher's fund moneys from the state, county or district, out of which said warrant could be paid, so that there was no provision made to meet it. We take it, that, while the board of directors were, by the implication of the statute, prohibited from drawing said

warrant on the treasury, unless there was money on hand of that fund, out of which it could be paid, still this prohibition must not be construed so as to preclude the directors from anticipating this fund, if the amount of their warrant could subsequently be paid out of any money coming into the county treasury for that school year, from either or all of the three sources from which that fund, by law, is derived.

The provisions of the school law must be construed liberally so as to give them a practical effect. It might have been that the collection of the amount of the estimate of the annual meeting, for carrying on the school for that year, was delayed for some reason or that the income into the teachers' fund from the state or county may have been delayed, by reason of the default or miscarriage of some officer intrusted by law with the collection or disbursement of this fund, and thus it may have been prevented from reaching the county treasury at the proper time. We cannot think a warrant drawn upon the county treasury, under such circumstances when there was no fund then on hand to pay it, would hardly be deemed illegal or unauthorized. If the directors limit their drafts for any school year on this fund to the amount thereof derived from all sources for that year, it is not believed that because there is no money in the fund at the exact date of any warrant, and they knew this fact, this would be such an unauthorized exercise of power as to make them personally liable for the amount of the warrant so drawn. For aught that appears by the petition in this case, there may have, subsequently to the date of said warrant, come into the hands of the county treasurer money of this fund out of which the same could have been paid. It is not charged in the petition that the defendants were guilty of any fraud or abuse of their trust, nor that the plaintiffs had suffered any damage or loss in consequence thereof. There is no allegation that they have, in the performance of their official function, departed

from the requirements of the constitution or the statute except that they have caused a warrant to be drawn on a fund in which there was no money, at the time, and which they knew.    To hold that the humble but necessary public duties of school directors can only be undertaken at the hazard of personal liability for every warrant to be drawn on the county treasury, when there does not happen to then be money in the fund against which it is drawn, is a doctrine too hard to be enforced in any court.    There is no allegation of deceit or other misbehavior of these directors, which renders them liable *on the warrant sued* on.    We think the petition states no cause of action upon these school warrants or any of them in favor of the plaintiffs, and that the judgment should be affirmed.    All concur.