# Ware, Murphy & Co. v. Morgan & Duncan.

### *Action on Promissory Note.*

| | |
|---|---|
| 67 | 461 |
| 104 | 668 |

| | |
|---|---|
| 67 | 461 |
| 109 | 213 |

| | |
|---|---|
| 67 | 461 |
| 112 | 675 |
| 113 | 505 |

| | |
|---|---|
| 67 | 461 |
| 119 | 84 |

| | |
|---|---|
| 67 | 461 |
| 122 | 408 |

| | |
|---|---|
| 67 | 461 |
| 125 | 173 |

1. *Oral evidence, of contents of writing ; when not admissble.*—When a writing, if produced, would not be evidence of the fact to which it relates, parol or oral evidence of such fact will be received.

2. *Same ; received when writing beyond jurisdiction of court.*—A witness may testify as to the contents of a paper, which is shown to be beyond the jurisdiction of the court, and which the party relying upon it cannot produce.

3. *General objection to evidence, part of which is admissible ; properly refused.* Objections to evidence, a part of which is admissible, and a part inadmissible, may, for that reason, be properly overruled.

4. *Opinion ; statement by witness that he had no interest in subject matter of suit, is not.*—A witness can only testify as to facts which come within his personal knowledge ; but a statement that he had no interest in the subject matter of the suit, and derived no benefit from it, is not objectionable as matter of opinion.

5. *Agent ; may testify that he made full and honest disclosure of authority.* The defendant, after he has stated all that passed between him and the plaintiff, may testify that he made a full and honest disclosure to him as to the extent of his authority to act as agent in the transaction on which the suit is founded ; such a statement is equivalent to saying that he communicated all the facts within his knowledge to the plaintiff.

6. *Promise to pay debt of another ; when cannot be enforced*—A promise, verbal or written, to pay the debt of another not founded on a precedent liability, or a new consideration, is gratuitous and cannot be enforced.

7. *Agent ; when his contracts do, and when they do not bind the principal.* When a duly constituted agent contracts in the name of his principal, and does not exceed his authority, the principal is bound thereby ; and, although the contract was unauthorized by the principal, if the agent was guilty of no

wrong and made a full and honest disclosure of the extent of his authority to the person with whom he was dealing, and who has all the information the agent possesses of his agency, there can be no liability resting on the agent.

8. *Note; maker of may insist that it was given without consideration.*--The giving of a note, and making repeated promises to pay it, do not prevent the debtor from insisting that there was no consideration for the note, unless a new consideration had intervened, or the promise had induced some action on the part of the plaintiff, from which injury to him would follow.

9. *Controversy ; when existence of, sufficient consideration for compromise.* The mere existence of a controversy, which has not assumed the form of a pending suit, is not necessarily a sufficient consideration for a contract of compromise ; the controversy must have been *bona fide,* and based on reasonable grounds ; the promise to pay a mere unfounded claim which one is induced to make by threats of litigation, is without consideration, and as incable of enforcement as the original claim, and the jury must pass on the good faith of the plaintiff in the assertion of such a claim, and whether there was reasonable ground for it.

APPEAL from Talladega Circuit Court.

Tried before Hon. JOHN HENDERSON.

This action was brought on a promissory note for $1,040, made on November 15th, 1870, by the appellees, Morgan & Duncan, and payable to the appellants, Ware, Murphy & Co. On the trial, the plaintiffs, Ware, Murphy & Co., read this note in evidence, and the defendants introduced A. W. Duncan, a member of the firm of Morgan & Duncan, as a witness, who testified that, during 1869 and 1870, said firm was engaged in business at Selma, Alabama ; that their business was trading in cotton ; that witness spent the winter of 1869 and 1870 in New York city, and while there received a letter from Thomas W. Street, in which it was stated that Ware, Murphy & Co. had bought for said Street one hundred bales of cotton for future delivery, which had been sold at considerable loss to him ; that Ware, Murphy & Co. had agreed that if he (Street) would advance $500 as a margin, they would buy another hundred bales of cotton for him for future delivery, and accompanying this letter was exchange for $500. Plaintiffs objected to any evidence of the contents of this letter, or of any statement as to the exchange, because there was no proof of their genuineness, and because none of the papers were produced, or their absence accounted for. The objection was overruled, and the plaintiffs excepted. Duncan further testified that, in said letter, Street requested him to act as his agent and use his best judgment in the purchase and sale of said cotton ; that he showed this letter to Ware, Murphy & Co., and turned over to them the exchange for $500 ; that they purchased for Street a hundred bales of cotton, which was sold for a profit ; that when the contract was due, H. H. Ware, a member of the firm of Ware, Murphy & Co., informed witness that the cotton was ready for delivery, and inquired of him, as Street's agent, what to do with it ;

[Ware, Murphy & Co. v. Morgan & Duncan.]

that it would cost something to receive and store it, and said something about extending the contract or buying another hundred bales of cotton. The witness then expressed doubt as to whether he had authority to do so, as Street's agent, his only authority being contained in the letter which he had shown to Ware, Murphy & Co. Ware then said he thought Duncan had authority to authorize Ware, Murphy & Co. to make another purchase, and witness then told him if he thought so he could make another purchase; that Ware, Murphy & Co. did so and informed Street of the fact, who wrote to them repudiating the transaction, and what the witness had done, and denied his authority to make another purchase of cotton for him; that this last purchase resulted in a considerable loss, and the following winter, said Ware called on witness in Selma and requested him to give the note, which is the foundation of the suit. Defendants' counsel asked the witness if at, or before, the time he instructed Ware, Murphy & Co. to make the last purchase of cotton he made to them a full and honest disclosure as to the extent of his authority to act for Street. The plaintiffs objected to this question, but the court overruled the objection, and plaintiffs excepted. The witness said he had made a full and honest disclosure of the extent of his authority to act for Street, to Ware, Murphy & Co. Plaintiffs also objected to this answer, but the objection was overruled, and plaintiffs excepted. Defendants' counsel asked the witness whether Morgan & Duncan were interested in any way, or were to derive any benefit from the last purchase of cotton. Plaintiffs objected to this question, but the court overruled the objection, and plaintiffs excepted. The witness answered that Morgan & Duncan were not interested in the purchase of the cotton, and were not to derive any benefit from it. The plaintiffs objected to this answer as evidence, but the court overruled the objection, and plaintiffs excepted. The plaintiffs then offered in evidence several letters, addressed to them by Morgan & Duncan, in which they offered and promised to pay the amount for which suit was brought. Thomas Street, who was also examined as a witness, testified that he had purchased a hundred bales of cotton for future delivery, through Ware, Murphy & Co., which had resulted in a loss to him; that he was dissatisfied because they had closed out his contract without his consent, and wrote them to that effect; that they then wrote him that if he would send them $500, they would buy another hundred bales of cotton for him; that he procured a draft for that amount, which was accepted by Morgan & Duncan, and sent it to A. W. Duncan in New York; that this contract resulted in considerable

profit to him ; that he repudiated the purchase of the last hundred bales by Ware, Murphy & Co., made on the instructions of Duncan ; that Duncan wanted him to pay one-half of the loss and became angry with him because he refused to do so ; that Duncan was not authorized to make the second purchase of the cotton, and transcended his authority in doing so. The court charged the jury as follows : "That if they believed from the evidence that the defendant Duncan, as a member of the firm of Morgan & Duncan, made a full disclosure to the plaintiffs of his authority to represent Thomas W. Street, in the purchase of the hundred bales of cotton, and that in making the purchase the plaintiffs acted on their own judgment as to the extent of Duncan's authority to bind Street, then the jury should find for the defendants, although they may be satisfied, by the evidence, that the defendant Duncan was mistaken in the extent of his authority." To this charge the plaintiffs duly excepted. The plaintiffs asked the court, in writing, to charge the jury "that if they were satisfied, by the evidence, that the note sued on was given voluntarily, without fraud or mistake, in compromise of a controverted claim and with full knowledge of all the facts and circumstances connected with the claim, then the jury should find for the plaintiffs.", The court refused to give this charge, and the plaintiffs excepted. At the request of the defendants, the court charged the jury : 1. If you believe, from the evidence, that A. W. Duncan bought from, or through, Ware, Murphy & Co., in New York, one hundred bales of cotton for future delivery, on which transaction there was a loss, for which the note was given, and that in doing so the said Duncan acted as agent for Street and not for himself, and not for Morgan & Duncan, and that the said Duncan had been instructed and authorized to do so by said Street, and that the act of Duncan was within the scope of his authority from Street, and that Ware, Murphy & Co. dealt with Duncan as agent for Street, and not otherwise, and with knowledge of the extent of Duncan's authority from Street, then, although Duncan did give the note of Morgan & Duncan to secure the payment of said loss, said note is not binding on him, or the defendants. 2. If the jury believe, from the evidence, that Duncan acted under an honest belief that he had authority from Street to make the purchase which resulted in loss to the plaintiffs, and had honestly and fully made known to the plaintiffs the extent of his authority, and that the plaintiffs dealt with Duncan in said matters solely as agent for Street, and treated the transaction as one between themselves and Street, then the loss, so resulting, is chargeable to the plaintiffs and not to the defendants, and

[Ware, Murphy & Co. v. Morgan & Duncan.]

this state of the case could not be altered by merely giving the note in controversy on account of said loss, and a subsequent promise by the defendants, or either of them, to pay said note. 3. Although Duncan may have written letters to the plaintiffs admitting liability to them, as shown, it does not follow that he can not show by other evidence, that in truth and in fact he was not so liable. The plaintiffs excepted to each of these charges as they were given. There was a verdict for the defendants. The errors assigned are the rulings on the evidence, and the charges given, and refused.

JOHN T. HEFLIN, for appellant.—The court erred in allowing Duncan to testify as to the contents of the letter written to him by Street, and as to the exchange. The writings were the best evidence, and they should have been produced, or their absence accounted for.—*Kidd & Co. v. Cromwell, Wright & Co.*, 17 Ala. 648 ; *P. & M. Bank v. Willis & Co.*, 5 Ala. 783. The question asked this witness, "whether before instructing Ware, Murphy & Co. to purchase the cotton, he made a full and honest disclosure to them of the extent of his authority to act for Street," was improper, substituting, as it did, the witness for the court and jury, and the answer to it merely gave the opinion and belief of the witness as to the character of his disclosure to the plaintiffs.—*Andrews & Bro. v. Jones*, 10 Ala. 460 ; *Jones v. Donnell*, 13 Ala. 511 ; *Johnson v. Bellew*, 2 Port. 29 ; *Bullock v. Wilson*, 5 Port. 338. The note was given in compromise of controverted claims, which is a good consideration, and the charge of the court, given *ex mero motu*, was erroneous because it ignored this fact, and withdrew it from the jury. It is wrong also in stating that a mistake made by the defendant Duncan, if honestly made, may be visited on the plaintiffs. If the note was executed voluntarily, in compromise of a controverted claim, in the absence of fraud or mistake of facts, and with full knowledge of the facts connected with the claim, the plaintiffs were entitled to recover, and the court should have given the charge requested by them.—Chit. on Con. 44 ; 2 John. Ch. R. 39. The first charge, given at the request of the defendants, is abstract and misleading ; the second charge is liable to the same objections ; and the third charge is argumentative, and invades the province of the jury.

TAUL BRADFORD, for appellee.

BRICKELL, C. J.—1. In the course of his examination in chief, the witness Duncan stated that while in New York he received a letter from Street, the contents of which he stated,

and in which was enclosed exchange for five hundred dollars, to be turned over to the plaintiffs, Ware, Murphy & Co. The plaintiffs objected to the statement because there was no evidence of the genuineness of the letter or of the exchange, neither of which were produced, or an account given for their absence. One of the facts intended to be shown by this evidence was the payment to the plaintiffs by Street of five hundred dollars on account of the purchase of the cotton for future delivery, the losses on which forms the consideration of the note on which the suit is founded. The fact is as capable of proof by oral as written evidence, and of it, without the aid of oral evidence, the exchange, if produced, would be insufficient. The rule is, that where a writing, if produced, would not be evidence of the fact to which it relates, parol or oral evidence of the fact will be received.—1 Brick. Dig. 848, § 631. Besides, it is evident, if the exchange is in existence, that it was in New York without the jurisdiction of the court and not within the power of the defendants to produce. 1 Whart. Ev. § 130. As to the bill of exchange the evidence was unobjectionable. It may be conceded that if it was intended by proof of the contents of the letter to show the agency of Duncan, and the extent of his authority, that the evidence was inadmissible. The concession would not aid the appellants, for the objection made by them was to the whole evidence—that which was admissible and that which was inadmissible, and could for that reason have been properly overruled.—1 Brick. Dig. 886, § 1186.

2. The witness Duncan, on his examination in chief, having stated at length all that had passed between him and the plaintiffs in reference to his authority to act for Street, and the purchase of the cotton, was permitted to state that he made a full and honest disclosure as to the extent of his authority, and that he and his partner, Morgan, were not in any way interested or to derive any benefit from the purchase of the cotton. This was objected to, as an expression, not of facts, but of the conclusions of the witness. The general rule invoked by the appellants, that a witness must testify only to facts, and such as fall within his knowledge, can not be doubted. Whether Morgan and Duncan had any interest in, or were to derive any benefit from, the purchase of the cotton, was a fact and not matter of opinion, or a conclusion from fact, unless every matter which may involve a combination of facts is to be termed matter of opinion or conclusion.—*Massey v. Walker*, 10 Ala. 288. Nor do we think it was exceptionable, after having stated, fully, all that had passed between him and the plaintiffs, for Duncan to state that he had made a *full and honest disclosure as to the extent of*

*his authority.* It was no more than the statement that the facts he communicated were all within his knowledge.

3. The defense seems to have been rested wholly on the ground that the note was given for the debt of Street, for which Morgan & Duncan were not liable, and that it was therefore without consideration. A promise, verbal or written, to pay the debt of another, not founded on a precedent liability, or a new consideration, is gratuitous, and can not be enforced.—*Underwood v. Lovelace,* 61 Ala. 155 ; *Beal v. Ridgeway,* 18 Ala. 117. Whether there was a precedent liability resting on either Morgan or Duncan, or on them as partners, to pay the debt, depended upon whether Duncan was without authority, or had exceeded the authority given him by Street, in the transactions with the plaintiffs in reference to the purchase of the cotton. *Second,* if there was an excess of authority, whether the plaintiffs did not deal with Duncan with full knowledge of it, and solely on the credit of Street. The several instructions given the jury by the Circuit Court, to which exceptions were reserved, are directed to this phase of the case.

4. So far as the instructions announce that there was no liability resting on either Duncan or Morgan, for the payment of the debt, if Duncan did not in his dealings with the plaintiffs exceed his authority, the plaintiffs dealing with him as agent, their correctness can not be doubted. "It is a general rule," says Ch. Kent, "standing on strong foundations, and pervading every system of jurisprudence, that when an agent is duly constituted, and names his principal, and contracts in his name, and does not exceed his authority, the principal is responsible, and not the agent."—2 Kent, 630. The agent having authority, dealing for, and in the name of, the principal, and binding him, there is no ground on which to impose liability upon the agent. If it was imposed, a contract would be made, into which the parties never intended entering.

The instructions proceed further, and assert that if Duncan disclosed to the plaintiffs fully, the nature and extent of his authority to act for Street, and the plaintiffs, upon their own judgment as to the extent of his authority, dealt with him as the agent of Street, there would be no liability resting on either Duncan or Morgan, or on them jointly, if there was mistake as to the authority of Duncan to bind Street. The liability an agent may incur to those with whom he deals in the capacity of agent without, or in excess of authority, rests " upon the supposition, that the want of authority is unknown to the other party, or, if known, that the agent undertakes to guarantee a ratification of the act by the principal."

Story's Agency, § 265. If there was a want of authority in Duncan to venture into the purchase of the cotton for Street, binding him to the hazards of the speculation, there was evidence tending to show that it was as well known to the plaintiffs as to Duncan. That it was the liability of Street which was contracted for by the plaintiffs, and not the liability of Duncan, or Morgan & Duncan. Nor was any ratification of the contract by Street contemplated or intended, and it was not of consequence guaranteed by Duncan. The whole case, on the evidence introduced by the defendant, resolves itself into this simply, that with full knowledge of Duncan's authority, and upon their own judgment as to its extent, the plaintiffs dealt with Duncan. An agent having in fact no authority, and yet assuming to bind his principal, incurs a personal liability. If, with knowledge of the want of authority, he represents himself as leaving it to one ignorant of the facts, and dealing on the faith of the representation, he is guilty of deliberate fraud, and of his liability for the resulting injury there is no doubt. And if not having authority, yet with an honest belief that he has it, he deals with another, he is liable for the resulting injury. The difference in the two classes of cases, is in the degree of moral wrong only, and not in the degree of injury to the other contracting party relying on his representation. The true principle on which the liability of an agent for an authorized contract, rests is, that he has been guilty of a wrong, or omission, depriving the party dealing with him of the benefit of the liability of the principal, for which he contracts.—*Smoot v. Ilbery*, 10 Mees. and Wels. 1. When he is guilty of no wrong or omission, when there is a full and honest disclosure of the nature and extent of his authority ; when the party dealing with him has all the knowledge and information which the agent possesses, there is no liability resting on him, though his act or contract proves to be *ultra vires.--Jefts v. York*, 10 Cush. 392 ; *Newman v. Sylvester*, 42 Ind. 106. We do not find any error in the several instructions given by the Circuit Court touching this point. The giving of the note, and promise to pay it, however oft repeated, do not prevent the defendants from insisting upon the want of consideration. Like the note itself they are merely gratuitous, and unless there was a new consideration intervening, or the promise had induced some action on the part of the plaintiffs from which injury to them would follow, there is in them no element of estoppel—*Clemens v. Daggins*, 1 Ala. 622 ; *Huckabee v. Albritton*, 10 Ala. 657.

5. The instruction requested by the plaintiffs was properly refused, for without explanation, it would have misled, or was calculated to mislead the jury. The mere existence of a con-

[Jordan et al. v. Thompson.]

troversy which has not assumed the form of a pending suit, is not necessarily a sufficient consideration for a contract of compromise. The controversy must have been *bona fide*, and there must have been some reasonable ground for it. A mere unfounded claim, a party may by the force of threats of litigation be induced to promise to pay, or to compromise by the promise of payment of a sum greater or less than that demanded; the promise is without consideration, and as incapable of enforcement as the original claim. There can be no countenance or encouragement given to the assertion of claims parties know to be unfounded, or have no good reason to believe well founded.—*Proter v. Miller*, 25 Ala. 320; *S. C.* 30 Ala. 458. The instruction should have referred to the consideration of the jury, the good faith of the plaintiffs in the assertion of the claim against Morgan & Duncan, as well as the inquiry whether there was any reasonable ground for the claim. Without this reference, it was well calculated to mislead, and was was properly refused.

Affirmed.