[Torrey v. Burney.]

# Torrey *v.* Burney.

*Contest of the Probate of a Will.*

1. *Jury and jurors ; not necessary that the evidence should "satisfy the jury" of the facts at issue to authorize a verdict.*—To authorize a verdict by a jury it is not necessary that the evidence in the case should satisfy them of the existence of the fact at issue, but it is only necessary that they should be *reasonably* satisfied from the evidence that there existed such fact ; and, therefore, in a contest of the probate of a will, on the ground of undue influence, a charge is erroneous, because exacting too high a degree of proof, which instructs the jury that unless the contestant has by the testimony "satisfied the jury" that the will filed for probate was not the act of the testator, but that the same was induced to be made by such influence as amounts to coercion, they will find for the proponent on the issue of undue influence.

2. *Appeals ; other evidence than that set out will be presumed to sustain trial court, when bill of exceptions does not purport to set out all the evidence.*—When on appeal, the bill of exceptions does not purport to set out all the evidence adduced on the trial, this court, in reviewing the rulings of the trial court in giving or refusing charges to the jury, will presume, if necessary to sustain the rulings of the trial court, that there was other evidence on the trial in addition to that set out in the bill of exceptions.

3. *Witnesses ; proof of evidence on former trial ; when permissible.* Where, at the second trial of a cause, it is shown that one of the witnesses examined on the former trial is dead and the other is beyond the jurisdiction of the court, one of the attorneys in the case, who testifies that he, with his associate counsel, prepared the bill of exceptions in the case preparatory to its appeal from a judgment on the former trial, that they compared it with a stenographic report of the testimony, that he knew then and remembers at the time of testifying, independently of the bill of exceptions, that it was substantially correct and contained all the evidence of the witnesses, that he had an independant recollection of substantially all that the absent witnesses testified on said trial, although his recollection had been refreshed by a reference to the stenographic report of their testimony as set out in the bill of exceptions which he prepared, such attorney is a competent witness to testify as to what was the testimony of the absent witnesses on the former trial and in giving his testimony thereof he can read from the bill of exceptions which he had prepared.

4. *Same; expert testimony.*—A question, whether at the time of the execution of his will, a testator "was capable of transacting ordinary business," calls for a mere conclusion of the witness, which involves

[Torrey v. Burney.]

expert knowledge; and a witness who is not an expert upon the subject of insanity is not competent to answer such question.

5. *Evidence; how proof of value of property is made.*—It is competent to prove the value of property at a certain time, by showing its value at a prior and subsequent period, within reasonable limits, in the same market.

6. *Contest of a will; secondary evidence of a newspaper clipping reciting reprehensible conduct on part of contestant, and which was read by testator, inadmissible.*—In a contest of the probate of a will by the son of the testator, who was disinherited by the will, where it is shown that a newspaper clipping, containing an account of the contestant's bigamous marriage was handed to the testator and read by him, it is error for the court to admit testimony of the contents of the clipping, without producing the original or accounting for its loss, even upon the theory that it was merely collateral matter and that the rule does not appy when the writing is not evidence of the fact to which it relates, and even though the evidence was relevant for the purpose of accounting for the contestant's disinheritance by reason of his disgraceful conduct. The testator having read the clipping for himself, it was the original and best evidence of its contents.

7. *Same; evidence that contestant was guilty of bigamy admissible.*—In a contest of the probate of a will by the testator's son, who was disinherited, where contestant claims that interested parties, for the purpose of prejudicing testator's mind against him, fabricated a report that he had contracted a bigamous marriage, evidence that the contestant had in fact married a second time, having at the time a wife living, is admissible; and for this purpose a duly certified copy of his second marriage license and marriage certificate are admissible in evidence.

APPEAL from the Probate Court of Jefferson.

Heard before the Hon. M. T. Porter.

On September 22, 1891, the appellee, W. T. Burney, filed a petition in the probate court of Jefferson county asking for the probate of an instrument in writing purporting to be the last will and testament of Samuel Torrey, deceased. On October 26, 1891, the day set for the hearing of said petition, the appellant, Henry W. Torrey, the only son and child of Samuel Torrey, instituted a contest of said will upon the following grounds : 1st. Because said instrument offered for probate was not executed as required by law. 2d. Because the execution of said alleged will was procured by fraud or undue influence. 3d. Because at the time of the execution of said alleged will, Samuel Torrey was of unsound mind. Upon this contest the proceedings in the present case were had.

[Torrey v. Burney.]

The will of Samuel Torrey which was offered for probate devised all of his property to his wife, Jane E. Torrey, and disinherited his son, the contestant. On the trial of the cause the proponent proved the proper execution of the will offered for probate, and the same was allowed in evidence. The contestant introdued evidence tending to show that at the time of the execution of the instrument, Samuel Torrey was of unsound mind, caused by softening of the brain, and was, therefore, incapable of making a valid will. The testimony of the contestant further showed that he had two children of whom the testator was very fond, and that during the testator's life he had amply provided for his wife.

The proponent, in rebuttal, offered testimony to show that the deceased was of sound mind when he executed the will, and was not unduly influenced.

At the last trial of the cause, from a judgment in which the present appeal is taken, one of the witnesses on the former trial, W. W. Burney, was dead, and two of the other witnesses, Harry Beach and L. M. Carr were non-residents and beyond the jurisdiction of the court, and were not present. For the purpose of proving the testimony of these witnesses as given at the former trial, the proponent introduced James E. Webb, who testified that he was of counsel for proponent in the present case, had been present at two or three previous trials of this same case and heard the witnesses above referred to testify ; that he remembered substantially all of such witnesses' testimony without any reference to any paper, although he could not, from memory, repeat everything the witnesses testified on the previous trial ; that his recollection was an independent recollection, though it had been refreshed by reading the stenographic report of said witnesses' testimony as set out in the bill of exceptions which he, together with one of his associate counsel, had made immediately after the former trial, preparatory to taking an appeal in the case ; that in the preparation of this bill of exceptions he and his associate went over the testimony of the several witnesses as they prepared it, to see that it was correct. Thereupon the proponent asked the witness Webb to state what the said witnesses had testified to on the former trial. The contestant objected to this question, upon the ground that the evidence showed that the witness

was incompetent, in that he had no independent recollection of the substance of all the testimony of said witnesses, but that his recollection was refreshed from memorandum not made by him at the time, and not known by him to be full, correct and accurate. The court overruled the objection, and allowed the witness to testify as to what was the testimony of said witness on the former trial. To this ruling of the court the contestant duly excepted. The witness then read from said bill of exceptions the testimony of the witnesses. The contestant objected to this witness reading from the bill of exceptions, the court overruled the objection, and the contestant duly excepted.

The bill of exceptions stated that "B. F. Roden, a witness for contestant, after stating a great many facts, upon which he based his opinion that the testator was of unsound mind, such as rambling conversation, jumping from one subject to another without finishing the former, inability to carry on a long conversation, or to' carry the thread of the conversation, idiotic laugh; and after stating that his conduct, actions and conversation were entirely different from what they were prior to a stroke of paralysis with which testator had been afflicted in June, 1890, which was and before the execution of the will, was asked by the contestant whether or not, in his opinion, Mr. Torrey, about the time he made said alleged will, was capable of transacting ordinary business?" To this question proponent objected, on the ground that it called for a conclusion. The court sustained the objection, to which ruling of the court the contestant then and there duly excepted. The same witness Roden, on cross-examination, was asked by proponent what was the present cash value of each of the pieces of property belonging to the estate of the testator, the competency of witness as to real estate values having first been shown, but no inquiry having been made as to the value of said property at the time of making said alleged will. Contestant objected to the question, on the ground that the present value of the property was irrelevant and immaterial; that the question of the value of the property should be confined to the time of the making of said will. The proponent stated that the testimony was offered in anticipation of testimony as to value of property, at the time

of the execution of the will, which was afterwards offered by contestant. The court overruled said objection, and stated that he admitted it only to be considered by the jury, in determining what was the value at the time of making the will, as evidence throwing light on it; and the contestant duly excepted. The witness then answered the question, giving the then present cash value of the separate pieces of property. Contestant thereupon moved the court to exclude the answer which motion the court overruled, and the contestant, then and there, duly excepted to the action of the court in overruling said motion.

E. W. Mackey, a witness for proponent, testified that in the year 1881, he received in a letter from Tennessee a newspaper clipping, which he had shown to testator. It was shown that this clipping was in the hands of proponent at one of the former trials, and had since been lost or mislaid, but no proof was made that diligent search had been made for it, and its absence was not accounted for. Witness was asked to give the substance of said newspaper clipping. Contestant objected to this question on the ground that the original clipping itself was the best evidence of its contents, and that its absence was not accounted for, and no proof of diligent search for the same had been offered. The court overruled the objection, and to said ruling the contestant excepted. The witness then stated that the substance of the clipping was that one H. W. Torrey had abandoned his wife and family at Cullman, Alabama, and had gone to Brownsville, Tennessee, and had there married one Sallie Sheffield, and that he had then left her for parts unknown; that it was not known whether he had gone to wife number one, or had gone to get wife number three. Contestant thereupon moved to exclude said testimony for the reasons above stated, which motion the court overruled, and to the action of the court in overruling said motion, the contestant thereupon duly excepted.

Jane E. Torrey, widow of the testator, testified, among other things, to the substance of said newspaper clipping (the testimony in this respect being the same as that of E. W. Mackey). The same objection was made and the same exceptions were separately reserved as in the case of the testimony of E. W. Mackey. The same

witness further testified that she showed said newspaper clipping to her husband, the testator, in 1881; that in the year 1884 or 1885, one Hengel sent word to the testator that he had seen his son H. W. Torrey, the contestant, in Montgomery; that in the year 1888, one Pit Holley told the testator that he had seen the contestant in Vidalia, Louisiana; that he was living there with his wife; and that about the same year witness saw a letter written by contestant to his first wife, asking that his oldest child be sent to him; that this letter was written from Natchez, Miss.; that she (witness) had tried to read the letter to testator, and that he had said, he did not want to hear it. She told him its contents. This was the substance of all the testimony as to the information testator had concerning the conduct of contestant.

The proponent then introduced as a witness the woman to whom the contestant was said to have been married, and this witness testified that she had been married to the contestant about ten years, prior to the time of her testifying. The contestant objected to the introduction of the above testimony, and moved to exclude the same, on the ground that it was illegal and irrelevant, and also because it was not shown that the testator believed the truth of the information received by him concerning the conduct of his son as detailed by this witness. The court overruled the objection and motion, and the contestant duly excepted.

The proponent then offered in evidence a copy of the marriage license and marriage certificate, which copy of the license and certificate were in due form. The contestant objected to the introduction on the same grounds as above set forth, and duly excepted to the court's overruling his objections. It was also shown that at the time of this marriage the contestant had a wife and children.

There were many charges requested by the proponent and the contestant, but under the opinion on the present appeal, it is deemed unnecessary to set them out at length. The other facts of the case are substantially as shown on the former appeal, and as reported in 100 Ala. 157.

There was verdict in favor of the proponent, and judgment was rendered accordingly, ordering the will to be probated. From this judgment the contestant appeals,

and assigns as error the several rulings of the trial court
to which exceptions were reserved.

Bush, Brown & Bush, and H. C. Selheimer, for ap-
pellant.—1.  While a witness may give the testimony
of a deceased witness at a former trial, provided he can
give the substance of the whole testimony of said de-
ceased witness, yet he can not use, to refresh his memory,
memoranda not made by him and not known by him to
contain a full, complete and correct statement of said
testimony.  But even though the witness was properly
allowed to testify from memory, thus refreshed, yet it
was clearly error to allow him to read to the jury the
bill of exceptions containing the testimony of said de-
ceased and absent witnesses.—*Marcly v. Shults*, 29 N. Y.
346 ; *Paine v. Sherwood*, 19 Minn. 315.

2.  The court erred in refusing to allow contestant to
ask the witness, Roden, whether or not in his opinion
the testator, about the time he executed the alleged will,
was capable of transacting ordinary business.  The only
ground upon which proponent objected to the question
was that it called for a conclusion, and the court below
sustained the objection upon this ground alone.  It is
not contended by appellant that ability to transact or-
dinary business is a test of testamentary capacity, but it
is contended that if a testator was unable, by reason of
mental weakness, to transact ordinary business at or
about the time of the execution of the will, that fact is a
circumstance that may be considered by the jury in
passing upon the question of testamentary capacity, and
is, therefore, admissible in evidence.  The question pre-
sented is, therefore, whether such testimony can be ad-
duced by a question which calls for the conclusion of the
witness as to testator's capacity to transact ordinary bus-
iness.—*Moore v. Spier*, 80 Ala. 134.

3.  The court erred in instructing the jury that the
testimony for the contestant must satisfy the jury of cer-
tain facts, or they can find for the contestant on one of
the issues of the case.  This instruction requires too
high a degree of proof.  All that is required is, that the
mind of the jury should be reasonably satisfied.—*Prince
v. State*, 100 Ala. 146 ; *Brown v. Master*, 104 Ala. 464 ;
*Vandeventer v. Ford*, 60 Ala. 615 ; *Rowe v. Baber*, 93 Ala.
425 ; *A. G. S. R. R. Co. v. Hill*, 93 Ala. 514 ; *Glover v.*

[Torrey v. Burney.]

*Gentry*, 104 Ala. 222 ; *Finks v. Cox*, 30 S. W. Rep. 512 ; *Feist v. Boothe*, 27 S. W. Rep. 33 ; *Mitchell v. Hindman*, 150 Ill. 538 ; *Adams v. Thornton*, 78 Ala. 491.

LANE & WHITE, and WEBB & TILLMAN, *contra*.—1. The court did not err in allowing the witness Webb to testify as to what was the testimony of the absent witness on the former trial. He was shown to be a competent witness.—1 Wharton on Evidence, §§ 516, 519, 520 ; 1 Greenl. on Evidence, § 155 ; *Battles v. Tallman*, 96 Ala. 405 ; *Harris v. State*, 73 Ala. 495 ; *Horton v. State*, 53 Ala. 488 ; *Marler v. State*, 67 Ala. 55 ; *Roberts v. State*, 68 Ala. 515.

2. There was no error in allowing the witness Webb to read the bill of exceptions to the jury as the testimony of the absent witness. He had prepared this bill of exceptions himself.—*Dryer v. Lewis*, 57 Ala. 55 ; *Steele v. Tutwiler*, 57 Ala. 113 ; *Wallis v. Rhea*, 10 Ala. 453 ; *Halsey v. Sinsebaugh*, 15 N. Y. 485 ; *Russell v. Hudson R. R. Co.*, 17 N. Y. 134 ; *Guy v. Mead*, 22 N. Y. 462 ; *Mims v. Sturdevant*, 36 Ala. 636 ; 1 Wharton on Evidence, § 520, note 2.

3. There was no error in the court refusing to allow the contestant to ask the witness Roden "whether in his opinion testator was capable of transacting ordinary business?" This question clearly called for a conclusion or an opinion of the witness and was improper. "The general rule is that witnesses must depose facts and can not be allowed to give their opinions founded on those facts, or the inferences or deductions which they draw from them."—*Montgomery, &c. R. R. Co. v. Varner*, 19 Ala. 185 ; *Talladega Ins. Co. v. Peacock*, 67 Ala. 253 ; *Hames v. Brownlee*, 63 Ala. 277 ; *Cummins v. State*, 58 Ala. 387 ; *Smith v. State*, 55 Ala. 1 ; *Baker v. Trotter*, 73 Ala. 277.

4. It was permissible for the witness to testify to the contents of the newspaper clipping. The contents of this clipping was merely incidental or collateral matter, and the objection to such testimony was clearly untenable. *East v. Pace*, 57 Ala. 521 ; *Street v. Nelson*, 67 Ala. 504 ; *Winslow v. State*, 76 Ala. 42 ; *Smith v. Dinkenspiel*, 91 Ala. 528 ; *Brown v. State*, 63 Ala. 97 ; *Ware v. Morgan*, 67 Ala. 461.

[Torrey v. Burney.]

COLEMAN, J.—Some of the questions presented for review were considered on a former appeal.—*Burney v. Torrey*, 100 Ala. 157.

The 15th assignment of error is based upon the following instruction given to the jury, viz.: "The undue influence which will avoid a will, must amount to coercion or fraud, and unless the contestant has by the testimony in the case satisfied the jury the will filed for probate was not the act of Mr. Torrey, but the will of another, and that the same was induced to be made by such influence as amounts to coercion, they will find for the proponent on the issue of undue influence." It is insisted by contestant, that the burden placed by the charge, "to satisfy the jury" of the coercion or undue influence, is greater than that imposed by the law; that to satisfy the jury, means that there must be no doubt or uncertainty in their minds, whereas all that could properly be required was to *reasonably* satisfy the jury that there was undue influence. We are of opinion that the objection is well taken. Before it can be said that the mind is "satisfied" of the truth of a proposition, it must be relieved of all doubt or uncertainty, and this degree of conviction is not required even in criminal cases.—*Prince v. The State*, 100 Ala. 146; *Rowe v. Baber*, 93 Ala. 425.

It is insisted by appellee, that conceding there was error in giving the charge, it was error without injury, inasmuch as the evidence of undue influence was insufficient to authorize a verdict by the jury, that the will offered for probate was the result of undue influence. But for the fact that we find another error in the record, hereafter considered, which necessitates a reversal of the case, we would consider and determine this question; but as the case must be retried, any argument we might make upon this phase of the case as now presented might unduly influence the deliberations of the jury upon another trial. See the following authorities; *Burney v. Torrey*, 100 Ala. 157; *Knox v. Knox*, 95 Ala. 495; *Eastis v. Montgomery*, 93 Ala. 293.

There are assignments of error predicated upon other instructions given to the jury. The bill of exceptions does not purport to contain all the evidence, except as to the single point relative to the information testator had as to the conduct of his son. It may be, and we must

[Torrey v. Burney.]

presume, if necessary to support the trial court, there was other evidence on the trial. We are not prepared to say that the court erred in the other instructions given to the jury.—*Allen v. Draper*, 98 Ala. 590.

The court did not err in admitting the testimony of the witness Webb. It was shown that one of the witnesses examined on the former trial, had since died, and that another was beyond the jurisdiction of the court. The witness Webb testified that the bill of exceptions prepared on the former appeal, was dictated mostly by the witness, and a part by his associate counsel, and that the two went over and compared it together, and that he knew at the time and remembered now, independent of the bill of exceptions, that it was substantially correct, and contained all the evidence of the witnesses. There is nothing in the record to weaken the force of this evidence. We think the rule fully complied with and that both the memorandum and the testimony were competent.—*Mims v. Sturdevant*, 36 Ala. 636 ; 1 Wharton on Evidence, §§ 516, 520 ; *Harris v. The State*, 78 Ala. 482 ; *Roberts v. The State*, 68 Ala. 515 ; 1 Greenleaf Ev., § 155. In addition, the bill of exceptions does not purport to set out the evidence of this witness, and the same is true of the witness Roden. This latter witness was not an expert upon the question of insanity. The question to the witness Roden to which an exception was reserved, called for a mere conclusion, and a conclusion which involved expert knowledge. It is competent to prove the value of property at a certain time, by showing its value at a prior and subsequent period, within reasonable limits, in the same market. All the testimony of this witness is not set out. We cannot say, he was not examined as to value, at the time of the execution of the will.

The court admitted testimony of the contents of a clipping from a newspaper, without producing the original or accounting for its loss. We are of opinion that therein the court erred. The theory, it seems, upon which the court admitted evidence of the contents of the clipping, was that it was merely collateral or incidental matter, and for the further reason, that the rule does not apply, when the writing "is not evidence of the fact to which it related."—*Ware v. Morgan*, 67 Ala. 461 ; *Brown v. State*, 63 Ala. 97. The general principle, that

oral testimony cannot be substituted for written evidence of a fact, is subject to the exceptions invoked ; but the present case is not within either exception.   The newspaper clipping purported to give an account of the son's marriage to another woman, his wife then living.   The witnesses testified, that the clipping was handed to the testator.   The evidence was admissible for the purpose of accounting for the fact, that testator disinherited his son, because of his disgraceful conduct.   The writing was not evidence of the fact of marriage, but proponent sought to show that the information contained therein was a fact calculated to humiliate, mortify and estrange the father from the son, and thus to account for his exclusion from the benefits of the will.   Whether the newspaper clipping was calculated to have this effect on the mind of the testator, depended on its contents.   If the witnesses had stated to testator its contents, instead of handing it to him to read, it would have been proper to have proven the statement by parol.   He read the clipping for himself, and it is the original and best evidence of its contents.

We find no error in admitting evidence that contestant had in fact been guilty of marrying a second time, his wife and the mother of his children then living.   Such evidence completely met the argument, that interested parties had fabricated the report, for the purpose of prejudicing the testator's mind against his son.

Reversed and remanded.