## Deliman *v.* Greek Catholic Union, Appellant.

*Principal and agent—Limitation on authority—Committee of church convention—Commissions on sale of real estate—Real estate broker.*

1. Parties dealing with an agent known by them to be acting under an express grant, whether the authority conferred be general or special, are bound to take notice of the nature and extent of the authority conferred.

2. Agents to purchase are usually treated as special agents and persons dealing with them are bound by the limitations of their power.

3. A real estate broker cannot recover from an incorporated fraternal society, commissions on the purchase of real estate, where it appears that the society at a convention of the members authorized a committee to purchase a farm for $80,000, that the broker was a delegate and knew of its action, and that the committee agreed to pay him a commission on an amount which operated to increase the cost of the farm to a sum greater than that fixed by the convention.

4. In such case, the committee was without power to make the contract, and the broker had knowledge of the limitations of its authority.

Argued October 10, 1922. Appeal, No. 43, Oct. T., 1922, by defendant, from judgment of C. P. Allegheny

Co., Jan. T., 1921, No. 171, on verdict for plaintiff, in case of George Deliman v. Greek Catholic Union. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.   Reversed.

Assumpsit by real estate broker for commissions. Before CARPENTER, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $4,982.   Defendant appealed.

*Error assigned,* inter alia, was order refusing judgment for defendant n. o. v., quoting record.

*Ralph C. Davis;* for appellant.—The resolution did not authorize or empower the land committee to bind the Greek Catholic Union in the payment of the alleged commission: Langenheim v. Anschutz-Bradberry Co., 2 Pa. Superior Ct. 285; American Car & Foundry Co. v. Water Co., 221 Pa. 529.

Deliman, a delegate to the convention, had notice and knew the exact powers of the orphanage committee: Thrall v. Wilson, 17 Pa. Superior Ct. 376; Twelfth St. Market Co. v. Jackson, 102 Pa. 269; Bangor, etc., Ry. v. Slate Co., 203 Pa. 6.

*W. S. Maxey,* for appellee.—The committee had authority to act and plaintiff was entitled to recover: Loudon S. Funds Soc. v. Bank, 36 Pa. 498; Langenheim v. Anschutz-Bradberry Co., 2 Pa. Superior Ct. 285; Williams v. Getty, 31 Pa. 461; Turnpike Co. v. Ry., 194 Pa. 144; Brooks v. R. R., 108 Pa. 529.

OPINION BY MR. JUSTICE SCHAFFER, January 3, 1923:

Appellant is an incorporated fraternal society, plaintiff a real estate broker. The latter sued to recover commissions alleged to be due him by defendant in connection with the purchase of a farm and the verdict was in his favor; defendant appeals from the judgment thereon.

At an annual convention of the defendant society to which plaintiff was a delegate, he being a member of the organization, a resolution was adopted for the purchase of the farm in question for the price of $80,000, and a committee was appointed to arrange for and make the purchase. Plaintiff, who then represented the owner of the property, accompanied by an officer of the corporation which owned it, met the committee on their arrival in Erie (the farm was located near that city) and it was offered to the committee for $100,000; they stated this amount could not be paid. Subsequently, as a result of further negotiations in which plaintiff participated, the price was reduced to $79,400, the committee agreeing that defendant would pay plaintiff's commission if the property could be acquired at that figure, the officers of the seller expressly stipulating that it would not pay any commission on the sale at that price. An agreement for the sale and purchase was executed—on behalf of appellant by the members of the committee. For reasons not necessary to be considered here, the sale was not consummated. Plaintiff made claim for the amount he alleged to be due and payment was refused on the ground that the committee had no authority to agree to the payment of commissions and this suit resulted.

Had the committee, under the circumstances here disclosed, power to bind defendant to pay the plaintiff a commission? Was not the knowledge possessed by plaintiff of the limitation placed by the convention on the committee to an expenditure for the property not to exceed $80,000 such as to bar his recovery, without further action by appellant enlarging the committee's power or ratifying its act?

Appellee presents, as his view of the power of the committee, that, as the extent of its authority is not restricted in express terms, it had the right, in pursuance of the agency conferred by the resolution of the convention, to employ such means as in its judgment were necessary and usual to carry out the mandate of its principal,

that while the resolution in itself may be termed an authority to do a special act, the means by which that act was to be performed are general, and, as there is no limitation in the resolution on the means by which the purchase should be accomplished, the committee had power to employ plaintiff and bind defendant for his pay. This view of the committee's power is too broad and overlooks the real purpose of its creation. It was called into being because such a body as the convention could not in the very nature of things carry on a negotiation of purchase, so some smaller entity than itself had to act in its behalf. In raising up the committee, the defendant indicated what was to be done and limited the expenditure to $80,000. Plaintiff, who was present in the convention as one of its delegates, had express knowledge of this limitation; so informed, he accepted at his peril the agreement of the committee that defendant would pay him a sum in addition to what it had authorized to be expended, and must be conclusively presumed to have known that unless the undertaking was ratified by appellant, he could not hold it. "Parties dealing with an agent known by them to be acting under an express grant, whether the authority conferred be general or special, are bound to take notice of the nature and extent of the authority conferred. They must be regarded as dealing with that grant before them, and are bound at their peril to notice the limitations thereto prescribed either by its own terms or by construction of law": Mecham on Agency (2d ed.), section 707. Agents to purchase are usually treated as special agents and persons dealing with them are bound by the limitations of their power. "Authority to purchase land will usually be a special one, confined to a particular piece of land to be purchased on specified terms. Where it is so, the rules governing special authority will apply to it": Mecham on Agency (2d ed.), section 843. "A third person, having notice of the extent of the authority expressly conferred, is not justified in assuming powers in the agent

in excess of such authority. Much less is he justified in ignoring the special limitations upon the authority of the agent to deal with him to which he has given his express assent. A principal may put one in charge of his business with the apparent authority, so far as the general public is concerned, of a general agent to buy, yet if he limits his authority as to the persons from whom he shall buy or as to the amount of debt that he may incur, third persons who, with the knowledge of these limitations, permit the agent to exceed his authority in his dealings with them do so at their peril": Thrall v. Wilson, 17 Pa. Superior Ct. 376, 381. An agent authorized to take a deed for a property has no authority to add to the consideration expressed in the contract of sale: Deering v. Starr, 118 N. Y. 665. An agent to sell land cannot, without special authority, bind his principal by the employment of a broker to effect the sale and a promise of commission, though the customary method of selling land, in the city where the transaction occurred, is by means of a broker: Bonwell v. Howes, 2 N. Y. Supp. 717. In a suit by a broker against a corporation to recover commissions, he must establish his employment by a competent party authorized to bind the corporation or prove a subsequent knowledge, adoption and ratification of his services by the corporation: Twelfth Street Market Co. v. Jackson, 102 Pa. 269. Where a church authorized its building committee to make contracts, plan for and build a church not to cost more than $50,-000, it was held not liable to an architect for the preparation of the plans for a building to cost more than that figure, where the architect furnishing the plans knew that the committee had exceeded its authority: Swearingen v. Bulger, 117 Arkansas 557, 176 S. W. Rep. 328.

This case is not one where the person dealing with an agent to purchase had no disclosure of the agency's terms; plaintiff knew all about the committee's powers and participated in the action of the convention delegating them; this bars him from recovering a claim

from defendant which the committee was impotent to create.

The judgment is reversed and is here entered for defendant.