BLOODWORTH, Justice.
This is an appeal from a judgment for the proponent in a will contest. We affirm.
The appellants-contestants are Angia Pal-more, sister of Minnie Lee Carpenter, deceased; Abner Inghram, Jr., nephew of the decedent; and Eddie Gibson, adopted son of the decedent. The appellee-proponent is Norman Inghram, brother of the decedent and executor of the decedent’s estate. The appellants contested the will filed for probate as the last will and testament of Minnie Lee Carpenter, alleging improper execution, lack of testamentary capacity, fraud, and undue influence.
At trial, the proponent read into evidence, over objection of the contestants, a portion of the will of the husband of the decedent. He had predeceased her in 1964. The portion read into evidence showed that the husband had specifically excluded contestant Eddie Gibson from his estate and directed the wife to do likewise:
“MR. PRUITT: (CONTINUING)
Q Item Pour: My wife, Minnie Lee Carpenter, and I have legally adopted Eddie James Gibson. I have already given him a cow and calf and started a savings account for him and I do not wish for him to share in any manner whatsoever in this Will, nor shall he be included in the heirs-at-law of either my wife or me at either of our deaths. It is my wish that he shall not inherit anything under this Will.”
The attorney who drafted both wills also testified, over objection, to the circumstances of the exclusion of Eddie Gibson from the husband’s will. The will itself was available to either party but was never admitted into evidence.
The jury found for the proponent, holding that the will of Minnie Lee Carpenter was valid.
On this appeal, contestants contend that the trial court erred in two evidentiary rulings.
The first asserted error is that the trial court abused its discretion by allowing the reading into evidence of the portion of the husband’s will quoted above. The objection at trial was that the contents of this will were irrelevant. On appeal, contestants advance the additional grounds of remoteness and prejudice.
The reading of the portion of the husband’s will was permitted by the trial court for the limited purpose of showing the wife’s knowledge of the contents of her husband’s will, since she was executrix of her husband’s estate. Her knowledge of the exclusion of Eddie Gibson from her husband’s estate was offered to explain the exclusion of Eddie Gibson, her adopted son and one of contestants from her own estate.
Where undue influence and lack of testamentary capacity are alleged, unequal treatment or exclusion of those who are objects of the testator’s or testatrix’ bounty may be considered by the jury as evidence tending to prove the allegations. Councill v. Mayhew, 172 Ala. 295, 55 So. 314 (1911). Therefore, evidence explaining the unequal treatment or exclusion is relevant to show that the disposition was not unnatural. Torrey v. Burney, 113 Ala. 496, 21 So. 348 (1897). We hold that it was not error to admit this evidence over the objection as to relevance, and we find no abuse of discretion regarding remoteness or prejudice.
Contestants also contend that the trial court erred in permitting the attorney *314 who drafted the husband’s will to state what that will provided regarding Eddie Gibson, i. e., “He did not want his adopted son to have anything more than what he already had given him. They had become displeased with his conduct while he was in the service.” The objection at trial was that this statement was hearsay and violated the Best Evidence Rule because the original will was available but was never admitted into evidence. It may be that the objection should have been sustained on the ground that it was not the best evidence.
In the case of Torrey v. Burney, supra, the proponents in a will contest attempted to explain the exclusion of the testator’s son by proving the contents of a newspaper article. This Court held that it was reversible error to admit the testimony over a best evidence objection:
“The court admitted testimony of the contents of a clipping from a newspaper, without producing the original or accounting for its loss. We are of opinion that therein the court erred. The theory, it seems, upon which the court admitted evidence of the contents of the clipping, was that it was merely collateral or incidental matter, and for the further reason, that the rule does not apply, when the writing ‘is not evidence of the fact to which it related.’ Ware v. Morgan, 67 Ala. 461; Brown v. State, 63 Ala. 97.”
113 Ala. at 505, 21 So. at 351.
However, the admission of the evidence in the case at bar, if error, was harmless error, since it was subsequently established by other evidence. Hughes v. Merchants National Bank, 256 Ala. 88, 53 So.2d 386 (1951). The exclusion of Eddie Gibson from the husband’s estate was introduced by the reading of the portion of the husband’s will quoted above, to which no best evidence objection was made, and also by the testimony of Dr. Joe P. Smith. On cross-examination by counsel for appellants, Dr. Smith testified that Minnie Lee Carpenter told him that Eddie Gibson “my stepson had been such a heartache to us that my husband did not leave him anything in his Will and I don’t want to leave him anything in my Will.”
AFFIRMED.
TORBERT, C. J., and FAULKNER, AL-MON and EMBRY, JJ., concur.