HUMPHREY v. JONES, *Plaintiff in Error.*

1. **Liability of Public Officers on Illegal Contracts Executed on behalf of the Public.** Where the officers of a public or municipal corporation acting officially enter into a contract under an innocent mistake of law, in which the other contracting party equally participates, with equal opportunities of knowledge, neither party at the time looking to personal liability, the officers are not personally liable; and the same rule applies to the officers of a public body which is not a corporation.
2. **Case Adjudged.** Defendant executed a note as director of a public school district, for the benefit of the district, in good faith believing himself authorized to bind the district, and intending to bind it and not himself. The other parties to the note, before it was executed, concluded from an examination of the school law, that the district could be so bound. This proving to be an erroneous conclusion, this action was brought to charge the defendant as maker. *Held*, that he was not bound.

*Error to Louisiana Court of Common Pleas.*—HON. G. PORTER, Judge.

REVERSED.

In November, 1868, defendant was sole director of school district No. 4, township 54, in Pike county. The district being without a school house, a meeting of citizens was held for the purpose of devising some plan to procure one. Both plaintiff and defendant attended the meeting and participated in its proceedings. It was unanimously agreed by the meeting that the district should borrow money, and defendant was instructed to draw up and sign the note for the district. Acting upon this instruction, he

executed the instrument set out in the opinion of the court. A copy of the school law was examined at the meeting and generally discussed, and it was agreed that the director had power to borrow money and execute the note of the district. It was the understanding of all present that the note was the note of the district, and that the district was bound for its payment. Plaintiff testified that this was his understanding. The party of whom they proposed to borrow the money refused to loan to the district without security, and thereupon plaintiff and the other parties whose names appear upon the note, signed as sureties for the district. Afterward, the district failing to pay plaintiff and another one of the sureties paid off the note, and plaintiff brought this suit against defendant for his proportion of the amount paid.

*Elijah Robinson* for plaintiff in error, cited in argument Dillon on Munic. Corp., p. 213; *Musser v. Johnson*, 42 Mo. 74; *McClellan v. Reynolds*, 49 Mo. 312; *McGee v. Larramore*, 50 Mo. 425; *Klostermann v. Loos*, 58 Mo. 290; *Smout v. Ilberry*, 10 Mees. & Wels. 1; *Stone v. Huggins*, 28 Vt. 617.

*Henry Flanagan*, *W. H. Biggs* and *Cyrus Smith* for defendant in error.

The vice of the contention of the plaintiff in error is, that he assumes the existence of a corporation, whose agent he claims to have been, when no such corporation existed at the time the note was made. No principal being in existence, against whom the note could be enforced, the defendant, with the others who signed it, became personally liable to pay it. If a person assumes to act as the agent of another, or of a corporation, it is his duty to see that there is a principal in being, who is to be bound by his acts. *Hurt v. Salisbury*, 55 Mo. 310; *Lapsley v. McKinstry*, 38 Mo. 245; *Stone v. Wood*, 7 Cow. 454; *Tippets v. Walker*, 4 Mass. 595.

*On Rehearing.*

SHERWOOD, C. J.—The original opinion in this case was based upon an assumed similarity between it and the one which it apparently followed. Upon a more careful examination of the two cases, however we find them totally unlike in facts and consequently the law applicable to them. In the former case there were three directors, who endeavored to bind the school district by separate action, and not as a board; and we held the district could only be bound by the directors when strictly acting within the limits of their official capacity. Here, there, is but one director, and the question is, whether he, having failed to bind the school district by the contract which he signed, is himself individually bound thereby. The note sued on is in this form :

$700.                                    NOVEMBER 3d, 1868.

One day after date I, as director of sub-district No. 4, township 54, promise to pay to George T. Pitzer, or bearer, the sum of seven hundred dollars, value received, negotiable and payable without defalcation or discount, with interest from date at the rate of ten per cent per annum. William Jones, director of sub-district No. 4, T. 54, R. 1, Pike county, Missouri.

Signed                          GEORGE K. PITZER,
                                FOSTER HILL,
                                AZAKIAH HUMPHREY,
                                MARTIN HANEY.

It is conceded on all hands that the utmost fairness characterized the transactions, which resulted in the execution of the note by the defendant. Neither that instrument, nor the evidence adduced at the trial give the slightest countenance to the idea that Jones intended to be bound or that those who urged and directed him to execute the note, intended him to assume any personal obligation. At the "meeting," called for the purpose of

raising the necessary amount to build the school house, and at which meeting the plaintiff, who acted as secretary, as well as the other signers of the note were present, Jones was directed to draw up and sign the note "so as to bind the district." "It was intended as a district note and the agreement was that the note was executed as the note of the district." A copy of the school law was in use at the meeting, and all participated in reading it, and arrived at the unanimous conclusion that the district could be bound in the manner attempted.

We have no doubt that the construction of section 6 of the school law, (Acts 1868, p. 166), was an erroneous one. The question then is, how stands the case with the defendant. Is he bound by the note or not? In *Smout v. Ilberry*, 10 Mees. and Wels. 1 (a leading case), Mr. Baron Alderson, in discussing the general principles applicable to all agents, divided the liabilities of agents into three classes: 1. Where the agent makes a fraudulent representation of his authority with intent to deceive. 2. Where he has no authority and knows it, but nevertheless makes the contract as having such authority. 3. Where not having in fact authority to make the contract as agent, he yet does so under the *bona fide* belief that such authority is vested in him, as in case of an agent acting under a forged power of attorney which he believes to be genuine, and the like; and he remarked: "On examination of the authorities, we are satisfied that all the cases in which the agent has been held personally responsible, will be found to arrange themselves under one or other of these three classes. In all of them it will be found, that he has either been guilty of some fraud, has made some statement which he knew to be false, or has stated as true what he did not know to be true, omitting at the same time to give such information to the other contracting party, as would enable him, equally with himself, to judge as to the authority under which he proposed to act." Applying the principles announced in that case to the present case, we find no

5—71

room to question that it falls within the third subdivision, or class above noted, for here it is shown beyond all cavil or dispute, that no fraud or concealment was used by defendant, because he took his copy of the school law to the meeting, and all of those present read it for themselves. Hence no omission to give information can be laid to his charge, as the means of that information to-wit, the school law, was equally accessible to all.

Mr. Justice Dillon, in a note to section 176, in his work on municipal corporations, says: "It is held, that where the officers of a public or municipal corporation acting officially, and under an innocent mistake of the law, in which the other contracting party equally participated with equal opportunities of knowledge, neither party at the time looking to personal liability, the officers are not in such case personally liable, nor is the corporation liable." And numerous authorities are cited by the learned author, which announce that doctrine. This view of the subject accords well with our own adjudications. *Klostermann v. Loos*, 58 Mo. 290 and cases cited. Nor do we think it affects the principle under discussion, that there was not in reality under the law of 1868, any such corporation as that mentioned in the note now in suit. Holding these views, we reverse the judgment. All concur.