R. M. NEWPORT and Another v. H. A. SMITH.[1]

June 7, 1895.

Nos. 9284—(158).

**Liability of a Professed Agent.**

To render a professed agent liable in damages to the person dealing with him, on the ground of want of authority to bind the party for whom he assumed to act, such person must have dealt with him, in ignorance of the want of authority, upon the faith that the agent possessed the authority assumed. Hence when the agent, acting in good faith, fully discloses to the other party, at the time, all the facts and circumstances touching the authority under which he assumes to act, so that such party is fully informed as to the existence and extent of his authority, the agent cannot be held liable.

[1] Reported in 63 N. W. 734.

·Appeal by plaintiffs from an order of the district court for St. Louis county, Ensign, J., denying a motion for a new trial. Affirmed.

The fifth finding, referred to in the opinion, was as follows: "That the said plaintiffs, through their said agent, Chapin, engaged in negotiations with the said defendant, disclosing to him the advantages of the said plaintiffs for procuring such loan and soliciting the same, but prior to and at the time of the signing of the application and said alleged contract set forth in the complaint, the said defendant informed and advised the said plaintiffs, through said agent or manager, that he did not have authority to contract for such loan, or to sign such instrument in behalf of said Adaline Smith, but that his said brother, F. W. Smith. must also be consulted, and that his consent would be necessary thereto, and that the said defendant fully disclosed to the said plaintiffs the true relations of the parties and the character and extent of such agency as he had in the premises, and disclosed to the said plaintiffs that he did not himself have full authority to execute said application or contract on behalf of the said Adaline Smith, and fully advised them of the relations of said Taylor, and that whatever the plaintiffs did in negotiating for said loan, and whatever moneys, if any, they expended, they did so with the full knowledge thereof." ·

*Warner, Richardson & Lawrence* and *S. T. & Wm. Harrison*, for appellants.

*J. L. Washburn* and *L. E. Judson, Jr.*, for respondent.

MITCHELL, J.[2] This action was brought to recover damages on the ground that defendant, assuming to be the agent of his mother, made a contract in her name which was not binding upon her by reason of the fact that it was unauthorized by her.

The ground and form of the professed agent's liability in such cases has been the subject of discussion, but all the authorities are agreed that he is liable in damages to the person dealing with him upon the faith that he possessed the authority assumed. Sheffield v. Ladue, 16 Minn. 346, (388); Jefts v. York, 10 Cush. 392; Baltzen v. Nicolay, 53 N. Y. 467; Mechem, Ag. §§ 541–545. But in whatever phase the question· has arisen, or whatever diverse views the

[2] Buck, J., absent, took no part.

courts may entertain as to the precise ground of the liability or form of the remedy, all the authorities are agreed that, to give a party a legal remedy against the professed agent, he must have been ignorant of the want of authority, and have acted upon the faith of the representations, express or implied, that the professed agent had the authority assumed. Hence the law is that when the professed agent, acting in good faith, fully discloses to the other party, at the time, all the facts and circumstances touching the authority under which he assumes to act, so that the other party, from such information or otherwise, is fully informed as to the existence and extent of his authority, he cannot be held liable. Mechem, Ag. § 546, and cases cited.

Such, in substance, the trial court, by its fifth finding, has found to be the fact in this case; and that finding is, in our opinion, amply sustained by the evidence; and we find no errors of law occurring during the trial, by way of admitting or excluding evidence, that could in any way have affected this finding. This is decisive of the case, and it therefore becomes immaterial what, if any, errors were committed bearing upon or affecting the sixth and seventh findings of fact which relate to other and independent grounds, upon which also the court held that defendant was not liable.

Order affirmed.