[Schloss & Kahn v. McIntyre, et al.]

# Schloss & Kahn *v.* McIntyre, *et al.*

*Assumpsit.*

(Decided May 8, 1906. 41 So. Rep. 11.)

*Officers; Contracts; Personal Liability.*—Acting under the supposed authority conferred upon them by an act establishing a liquor dispensary at Ashford, Ala., (Local Acts 1900-1, p. 800) the board of dispensary commissioners purchased liquors for sale in the dispensary; the commissioners made no promise to pay for the liquors, and derived no personal benefit from their purchase; made no representations to the seller not contained in the provision of the act, which was as well known to the seller as to them; upon the act being declared unconstitutional no personal liability attached to the members of the board.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by Schloss & Kahn against J. W. McIntyre and others. From a judgment sustaining a demurer to a count of the complaint, plaintiff appeals.

This was an action to fasten an individual liability upon the commissioners of the Ashford dispensary for liquors and other things purchased for use and sale in the dispensary. The fourth count is in the following words: "Plaintiffs claim of the defendants the sum of $514.05 for goods sold by plaintiffs to them on or about the 1st of November, 1904, under the following circumstances: The defendants were acting as a board of dispensary commissioners of Ashford, Ala., under and by virtue of the power and authority supposed to be conferred by an act of the General Assembly of Alabama approved February 6, 1901, and as such board of commissioners the defendants were operating and conducting a dispensary at Ashford, Ala., and in order to do so it was necessary to buy whiskey and other malt liquors, and as such board of commissioners defendants bought from plaintiffs said goods on and about said date, and said

[Schloss & Kahn v. McIntyre, *et al.*]

goods were received by the manager of the said Ashford dispensary, who was elected and conducting said dispensary by the directions and orders of the defendants; that said act was in fact null and void, and conferred no authority on the defendants to establish or run said dispensary; and that the defendants are liable personally for said goods so sold." There were demurrers to this count: (1) The failure to allege that the defendants have been guilty of a wrong or omission of duty, depriving plaintiffs of the benefit of the liability of defendants' principal, the Ashford dispensary; (2) the count alleges no fact showing that defendants exceeded the authority conferred by the act of the Legislature, and in such a manner or to the extent that a wrong or injury was done to the plaintiffs, or that defendants' conduct in and about the buying of said goods amounted to an omission of duty; (3) that the count shows that the plaintiffs contracted with and sold the goods to the Ashford dispensary with the knowledge that the act of the Legislature was void and conferred no authority upon the defendants; and other demurrers raising practically the same question. On a trial of the case counts 1, 2, and 3 were stricken from the complainant on motion of the plaintiffs, and the court sustained a demurrer to the fourth count of the complaint, whereupon the plaintiffs took an appeal to test the rulings on demurrer.

ESPY & FARMER, for appellants.—The act creating the Ashford dispensary is unconstitutional (Local Acts 1900-01 p. 800).—*Florence Dispensary v. Mitchell,* 134 Ala. 394; *Harland v. Clark,* 136 Ala. 153; *State ex rel Espy, et al v. Oates,* 39 So. Rep. This act being unconstitutional appellants are dealing with appellees as agents of a principal that had no legal existence. It is well established by all the laws of agency that where one undertakes to act as agent for a principal that has no legal existence the agent is bound personally under the contract.—*Codding v. Munson,* 66 Am. St. Rep. 522 and note.

REID & HILL, for appellees.—No brief came to the Reporter.

WEAKLEY, C. J.—The contention of appellants is that, inasmuch as the act of 1901 purporting to establish a dispensary at Ashford (Acts 1900-01, p. 800) is, upon principles settled in *Mitchell v. State ex rel. Florence Dispensary,* 134 Ala. 394, 32 South. 687, and subsequent cases, unconstitutional, the defendants, who acted as commissioners under color of said act, and who as commissioners purchased liquors for the dispensary from appellants, are personally liable to them for the price. The only authority cited in support of the action is *Codding v. Munson,* (Neb.) 72 N. W. 846, 66 Am. St. Rep. 524, which states the general rule relied on to the effect "that one who assumes to act as agent for a principal who has no legal status or existence renders himself individually liable on contracts so made." The opinion in that case, however, proceeds to say: "This doctrine receives its most frequent application in cases like the present, where a person or committee incurs obligations as the result of instructions given by a body gathered together informally for a special purpose, and possessing no definite membership or continued power of existence. The rule is founded upon a presumption of fact, and is not the expression of any positive or rigid legal principle. The presumption referred to is that the parties to a contract contemplate the creation of a legal obligation capable of enforcement, and that therefore it is understood that the obligation shall rest on the individuals who actively participate in the making of the contract, because of the difficulty in all cases, the impossibility in many, of fixing it upon the persons taking part in or submitting to the action of the evanescent assemblage. If, however, the person with whom the contract is made expressly agrees to look to another source for the performance of its obligation, or if the circumstances be such as to disclose an intention not to charge the agent, as where the other agrees to accept the proceeds of a particular fund, there is no longer reason to indulge the presumption, and it may be rebutted by proof of such facts." It was there held that, under the facts of the case, it should have been

submitted to the jury to determine whether the plaintiff did not look to defendant personally, but was to receive merely the subscription notes, or their proceeds, donated by those attending the public meeting. The case is not similar to this, and does not support this action. Assuming for the sake of the argument that an action in a proper case would lie against the defendants on the contract, although they made the purchases only in their official character yet, we are of the opinion that they are not individually liable for the purchases of liquor for the dispensary.

In *Smout v. Ilbery,* 10 M. & W. 1, Mr. Baron Alderson, after the examination of the authorities, said that in all the cases in which an agent has been held personally responsible "it would be found that he has either been guilty of some fraud, has made some statement which he knew to be false, or has stated as true what he did not know to be true, omitting at the same time to give such information to the other contracting party as would enable him, equally with himself, to judge as to the authority under which he proposed to act." In *Ware v. Morgan,* 67 Ala. 461, 468, it was said by BRICKELL, C. J., upon the authority of the leading English case above cited, that the liability of the agent rests upon the fact "that he has been guilty of a wrong or omission, depriving the party dealing with him of the benefit of the liability of the principal for which he contracts." "When he is guilty of no wrong or omission, when there is a full and honest disclosure of the nature and extent of his authority, when the party dealing with him has all the knowledge and information which the agent possesses, there is no liability resting on him, though his act or contract proves to be ultra vires." Furthermore, "where all the facts are known to both parties, and the mistake is one of law as to the liability of the principal, the fact that the principal cannot be bound is no ground for charging the agent."—1 Am. & Eng. Ency. Law (26 Ed.) p. 1127; *Humphrey v. Jones,* 71 Mo. 62; *Michael v. Jones,* 84 Mo. 578. "It is held that where the officers of a public or municipal corporation acted officially and under an innocent mistake of the law, in which the other

[Hand Lumber Co. v. Hall.]

contracting party equally participated, with equal' opportunities for knowledge, neither party at the time looking to personal liability, the officers are not, in such case, personally liable, nor is the corporation liable."— 1 Dillon on Muni. Cor. (4th Ed.) § 237, note p. 323. In *Humphrey v. Jones,* supra, the supreme court of Missouri applied the foregoing principles to defeat a suit upon a note executed by the defendant as director of a school district, acting officially under the supposed authority of a school law, although in reality under that law no such corporation as that mentioned in the note actually existed.

In this case, both parties were mistaken in supposing that the dispensary had a legal existence. It had been established under color of a statute duly enacted according to constitutional forms, although invalid because of the nature of some of its provisions, and the plaintiff had all the opportunity to know this infirmity which the defendant possessed. The defendants made no promise to pay for the liquors. It is not averred that from them they derived any personal benefit, and they neither made misrepresentations to the plaintiffs nor perpetrated any fraud upon them. The demurrer was properly sustained.

Affirmed.

TYSON, SIMPSON, and ANDERSON, JJ., concur.