[Wolfe & Sons v. McKeon.]

# Wolfe & Sons *v.* McKeon.

*Assumpsit.*

(Decided Dec. 21, 1911.   57 South. 63.)

*Corporations; Officers; Personal Liability; Ultra Vires Acts.*— Where the president of a corporation signed the corporate name by himself as president to an accommodation note, and the corporation was without power to become an accommodation endorser, and the signing was under a mistake of law, and without any intent on the part of the president to render himself personally liable, he would not be so liable.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action by J. B. Wolfe & Sons against J. T. McKeon. From a judgment for defendant, plaintiffs appeal. Affirmed.

It was admitted that the Gamma Transportation Company, by J. T. McKeon, its president, executed the note to the plaintiffs, and that the Bay City Lumber Company, by Jos. T. McKeon, president, indorsed said note and it was further admitted that it was an accommodation indorsement, and that the Bay City Lumber Company was a manufacturing corporation organized in 1897, and had no authority to enter into such contract of indorsement. It was further admitted that the plaintiffs had filed their suit against the Gamma Transportation Company as maker and the Bay City Lumber Company as indorser, and that the Bay City Lumber Company had filed a plea setting up want of authority to enter into a contract, and that the contract was ultra vires and void, that judgment had been rendered for the Bay City Lumber Company.

McMILLAN & GRAYSON, for appellant. Under the facts in this case, and on account of an excess of au-

thority, McKeon rendered himself liable personally in an action of assumpsit on his implied warranty.—*Miller v. Reynolds,* 36 N. Y. Supp. 660; *Franklin v. Johnson,* 37 Am. St. Rep. 234; *Wheeler v. Reed,* 36 Ill. 91; *Drake v. Flewellen,* 33 Ala. 106; Daniel on Negotiable Instruments, section 305; Mecham on Agency, pp. 381-2, and authorities therein cited.

STEVENS & LYONS, for appellee. The rule applicable to an ultra vires act of the kind here is that when all the facts are known to both parties and the mistake is one of law as to the liability of the principal, the fact that the principal cannot be bound is no ground for charging the agent.—*Schloss & Kohn v. McIntyre,* 147 Ala. 577; 2 Cyc. 1152; 25 N. W. 502; 48 Am. St. Rep. 915 and note; 46 N. Y. 70. As bearing on this question, and as shedding light on the issues presented, attention is directed to the following authorities: *Steiner & Lobman v. Steiner Co.,* 120 Ala. 134; *Ware v. Morgan,* 67 Ala. 468; 31 Cyc. 1550; 108 Ia. 357; 53 N. Y. 467.

WALKER, P. J.—The appellee was sought to be charged individually on an accommodation indorsement made in the name of the Bay City Lumber Company, a corporation, by him as its president. The indorsement did not bind the corporation because of its lack of power to become an accommodation indorser (the complaint containing allegations to this effect), and it did not purport to bind the appellee individually. The action was in contract, and, so far as the evidence showed, the facts were known to both parties. In the making and acceptance of the indorsement there was a mere mistake of law as to the capacity of the corporation in the name of which the indorsement was made to bind itself by such a contract. In case of such a mistake of law as to the

liability of the principal, the fact that it cannot be bound is no ground for charging the agent, whose connection with the attempt to make the contract was obviously in his capacity as agent.—*Schloss & Kahn v. McIntyre,* 147 Ala. 557, 41 South. 11; *Ware, Murphy & Co. v. Morgan & Duncan,* 67 Ala. 468; 31 Cyc. 1550.

Affirmed.