# McQuiddy Printing Co. *v.* Head, *et al.*

## *Assumpsit.*

(Decided May 20, 1913. 62 South. 287.)

1. *Corporations; Promoters; Liability.*—One who speculates on the chances of being paid by a corporation yet to be formed and sells material to the corporation has no claim in contract or in tort against the individuals with whom he dealt, and the individuals are not personally liable, merely because the plan to organize the corporation was not carried out.

2. *Same.*—The members of a committee appointed by the Board of Directors of a corporation in the process of formation to arrange for stationary and fixtures for the proposed corporation are not personally liable for stationery ordered for the corporation under the authority confererd by the Board of Directors, where the seller knew the fact and extended the credit to the corporation, and not

to the members of the committee, who did not intend to be bound personally, although the corporation was never formed.

3. *Principal and Agent; Liability of Agent.*—One who is fully cognizant of the facts touching the authority of an agent with whom he deals cannot hold the agent liable on a contract by which the agent did not agree to be personally bound.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN H. MILLER.

Assumpsit by the McQuiddy Printing Company against Ben T. Head and others. Judgment for defendant, and plaintiffs appeal. Affirmed.

ROBERT C. REDUS, for appellant. There was no de facto corporation.—*Snider Sons Co. v. Troy,* 8 South. 658; *Owensboro W. Co. v. Bliss,* 31 South. 81; *A. & M. Assn. v. A. G. L. I. Co.,* 70 Ala. 120. The burden is on defendant to show incorporation under the plea of estoppel.—1 Cook Corp. 633; 59 Fed. 746; 10 Cyc. 247. The contract sued on arose out of an implied agreement, and was not affected by the statute of frauds.— *City of Greenville v. Greenville Water Works,* 27 South. 764. The defendants were liable both on breach of warrants of agency, as well as for the goods ordered and delivered.—10 Cyc. 270; 46 S. C. 372; 3 Cook Corp. 2189; 13 N. Y. Supp. 665; 10 Cyc. 256; 53 S. W. 657.

A. C. & H. R. HOWZE, for appellee. Pretermitting all questions as to the rulings on pleadings, the single question here presented is whether under the facts disclosed in this case the members of the committee rendered themselves liable in ordering the stationery for the corporation. It must be answered in the negative for two reasons. 1st, a de facto corporation existed to which credit was extended, and the liability could not be personal.—*Magnolia Shingle Co. v. Zimmern's Co.,* 58 South. 90; 10 Cyc. 269-70. 2nd, the plaintiff dealt

with the corporation as such, recognizing its right to contract and estopped itself from seeking to establish personal liability on the committee.—*Corey v. Lee,* 93 Ala. 468; *Snider Sons Co. v. Troy,* 91 Ala. 224; *Owensboro W. Co. v. Bliss,* 132 Ala. 253; *Magnolia S. Co. v. Zimmern's Co., supra.*

WALKER, P. J.—In the trial of this case by the court, sitting without a jury, there was evidence tending to prove the following state of facts: In 1908 the appellees were associated with a number of other persons in the project for the establishment of a national bank in Birmingham, to be called the National City Bank. Subscriptions to the capital stock of the proposed bank to the amount of $300,000 were made and paid in, a board of directors was chosen, and a president and other officials were selected, and committees were appointed, among them one to arrange for stationery, fixtures, etc., for the proposed bank; the appellees being members of this committee. The purpose was to incorporate under the national banking law, but this purpose was unexecuted. When the matter was in this situation, a traveling salesman of the appellant appeared on the scene and solicited an order for the stationery for the proposed bank. The appellees declined to give an order until they were authorized to do so by the board of directors. After such authority was conferred upon the committee by the board of directors, appellees gave to the appellant, through its traveling salesman, an order for the stationery for the proposed bank. The goods so ordered were shipped to the National City Bank, and were charged on the appellant's books to the National City Bank. The appellant made some inquiries in regard to several of the persons who had been selected as directors and officers of the pro-

posed bank and satisfied itself that they were men of good financial standing, but at the time the order was accepted and executed it was fully advised of the actual situation, and knew that no incorporation had been effected. After the matter had progressed so far, as a result of a disagreement between the persons associated in the project, it was abandoned, and the amounts paid on subscriptions to the capital stock were repaid to the subscribers; no incorporation having been effected. For the price of the stationery so ordered, except a part of it which was sold to another bank, the appellant brought a suit in which the National City Bank was named as the party defendant, and in that suit recovered a judgment by default for the amount claimed. Afterwards the present suit was brought, in which the same amount, with interest on it, was sought to be recovered of appellees.

On such a state of facts the appellees cannot be held to liability, on the ground that the order purported to bind them personally, as plainly they did not agree or consent to be so bound, and the appellant did not extend the credit to them. They cannot be held on the theory of a breach of an implied warranty of authority to act for another, as they did not lack the only authority which they, either expressly or impliedly, professed to have. There is no claim that they are liable because of any misrepresentation or deceit. And they cannot be held liable as the agent of a nonexistent principal, as the nonexistence of the entity to which credit was extended, and from which alone payment was expected, was as fully known to the appellant as to themselves. In speaking of one's liability as agent on a contract which did not purport to bind him personally, it was said in the opinion in the case of *Ware v. Morgan*, 67 Ala. 461: "When he is guilty of no wrong or omission,

when there is a full and honest disclosure of the nature and extent of his authority, when the party dealing with him has all the knowledge and information which the agent possesses, there is no liability resting on him, though his act or contract proves to be ultra vires." This is in harmony with the well-established rule that one who is fully cognizant of the facts touching the authority of another with whom he deals cannot hold the latter to liability on a contract by which he did not consent to be personally bound.—31 Cyc. 1549; 1 Am. & Eng. Ency. of Law (2d Ed.) 1127.

It was a permissible inference from the state of facts disclosed by the evidence that the case presented was that of a dealer who was so eager to make disposition of his wares, and so confident—from the impression made on him by the situation as it really existed—that the project for the establishment of a bank had progressed so far that it would be consummated as planned, that he undertook, on the mere approval of his offer by those who were expected to be in charge of the affairs of the bank when it should come into existence, to supply the stationery which it would need, and to look to it alone for the payment of the price, without suggesting or requiring that those who acted in behalf of the proposed bank, or any of them, should incur any personal liability for the articles to be furnished. If a party merely speculates on the chance of being paid by a corporation not yet in existence, and has no claim in contract or in tort against those with whom the dealing was had, the latter cannot be held to liability merely because the plan to organize a corporation was not carried out. In such case there is no contract.—*Higgins v. Hopkins*, 3 Exch. 163. If it was the understanding of both parties to the transaction that appellees were not to be personally liable for the price of the stationery,

then, in the absence of any kind of misconduct on their
part which would give rise to a right of action in favor
of the appellant against them, they were not bound,
though the result was that there was no one else for the
appellant to look to for payment.—*Ware v. Morgan, su-
pra; Snider's Sons Co. v. Troy,* 91 Ala. 224, 8 South.
658, 11 L. R. A. 515, 24 Am. St. Rep. 887; *Landman v.
Entwistle,* 7 Exch. 632; *Heath v. Goslin,* 80 Mo. 314, 50
Am. Rep. 505. There was evidence in the case to sup-
port the conclusion that the conduct of the appellant,
which, as above stated, was fully cognizant of the sit-
uation with which it dealt, as clearly manifested its in-
tention not to extend credit to the appellees, and not to
look to them personally for the payment of the price of
the stationery, as if the understanding to this effect had
been expressly stated. This being true, and the evi-
dence in the case being such as to support the further
conclusion that the appellees had not in any other way
subjected themselves to liability for the price of the
stationery furnished, there is no tenable ground of com-
plaint against the finding and judgment of the court.
We are aware of no principle of law under which the
mere fact that one was a promoter of a proposed cor-
poration which never came into existence must be given
the effect of rendering him personally liable for an ob-
ligation incurred in its name and behalf, when he has
not consented to be bound or otherwise so conducted
himself as to be subject to the liability with which he
is sought to be charged. One cannot successfully be
proceeded against civilly except on evidence showing
some act or omission on his part to which the law gives
the effect of rendering him subject to the liability as-
serted against him.

Affirmed.