# ELIASON STATE BANK v. MONTEVIDEO BASEBALL ASSOCIATION.[1]

October 17, 1924.

No. 24,229.

**When person who executes note without authority is liable to payee.**

A person who execute a promissory note in a representative capacity without authority is personally liable thereon to the payee if he took it without knowledge of such lack of authority, but not if he took it knowing all the facts.

Action in the district court for Chippewa county to recover $1,800 upon a promissory note. The case was tried before Qvale, J., who made findings and ordered judgment against Louis Gulbrandson for $1,800, dismissing the action as to all other defendants. Plaintiff's motion for amended findings was denied. From the judgment dismissing the action on the merits as against the other defendants, and particularly as to that part of it dismissing the action against defendants Clarence Seaman and Emmett Olson, plaintiff appealed. Affirmed.

C. A. Fosnes and John C. Haave, for appellant.

Oluf Gjerset, for respondents Olson and Seaman.

TAYLOR, C.

This action was brought against the Montevideo Baseball Association on a promissory note for the sum of $1,800. It was evidently brought under section 7689, G. S. 1913, which in part reads:

"When two or more persons transact business as associates and under a common name * * * they may be sued by such common name."

The complaint alleged that a large number of persons named therein and others to the plaintiff unknown had associated themselves together under the name "Montevideo Baseball Association."

[1]Reported in 200 N. W. 300.

The note was signed:

> "Montevideo ·Baseball Association
> "By Emmet E. Olson, President
> "By C. E. Seaman, V. Pres."

It was indorsed by Louis Gulbrandson. At the trial the action was dismissed with the consent of the plaintiff as to all parties except those whose names appeared upon the note. The court made findings of fact and conclusions of law, and rendered judgment against Gulbrandson for the amount of the note but dismissing the action on the merits as against all other defendants. Plaintiff appealed. As Gulbrandson did not appeal, the judgment against him is not in question.

The appeal is submitted on the findings of fact without a settled case or bill of exceptions. Plaintiff insists that it is entitled to judgment against Olson and Seaman, for the reason that they executed the note without authority to do so and thereby rendered themselves personally liable thereon. That they had no authority to execute the note on behalf of the association or on behalf of any of their associates appears from the findings.

As a general rule, a person who executes a promissory note in a representative capacity without authority becomes personally liable thereon. G. S. 1913, § 5832, being section 20, Uniform Negotiable Instruments Act; also 8 C. J. 168, § 281, and cases. But it is also a well-settled rule that where the payee of a note, executed by a person in a representative capacity, took it with knowledge that it was executed without authority, he cannot enforce it against the person who so executed it. 2 C. J. 809, § 482, and cases there cited; also see Newport v. Smith, 61 Minn. 277, 63 N. W. 734.

The findings show that the cashier of plaintiff, who was its representative in this transaction, had full knowledge of all the facts when he took the note, and consequently plaintiff is chargeable with notice that it was executed without authority, and is not in position to enforce it against Olson and Seaman, who executed it only in representative capacities.

Judgment affirmed.