HENRY PILCHER'S SONS INC., a corporation under the laws of the State of Kentucky, *Plaintiff in Error,* vs. R. M. MARTIN, et al., *Defendants in Error.*

136 So. 386.

Division A.

Opinion filed July 31, 1931.

*Gage & Polhill,* and *Hampton, Bull & Crom,* for Plaintiff in Error;

*Baskin & Jordan* and *Jones & White,* for Defendants in Error.

BUFORD, C.J.—In this case a second amended declaration was filed in words and figures as follows:

674

"Now comes the plaintiff in the above entitled cause, by leave of the court, and files the following second amended declaration and sues R. M. Martin, E. R. Turner, Frank Schwabel, H. B. Astor, Paul Morrison, D. F. Crawford, R. A. Calhoun, Douglas Bailey, W. C. Tucker, Byrd McMullen, R. Barton, A. E. Jackson, R. L. Rogers, E. J. Daniel, W. G. Mizzell, E. W. Mc-Mullen, A. G. McQuagge, J. R. Thomas, G. H. Shaw, J. E. Wicker, Harold Abrams, H. H. Constantine, Jr., John Manse, H. H. Baskins, T. J. Watkins, J. P. Clarkson, E. C. Hogan, Z. B. Littlejohn, Luke Martin, A. E. Purvience, J. W. Reed, J. F. Ruff, George D. Tompkins, J. Atkinson, George F. Washburn, H. W. Bivins and E. A. Turner, trading as the Board of Stewards of Clearwater M. E. Church, Clearwater, Florida, an unincorporated religious society, for that:

On or about the 6th day of June, 1927, R. M. Martin, E. A. Turner, Frank Schwabel, James Atkinson, H. W. Bivins, G. F. Washburn, E. R. Turner, H. Astor, Paul Morrison, D. F. Crawford, R. A. Calhoun, Douglas Bailey, W. C. Tucker, Byrd McMullen, R. Barton, A. E. Jackson, R. L. Rogers, E. J. Daniel, W. G. Mizzell, E. W. McMullen, A. G. McQuagge, J. R. Thomas, G. H. Shaw, J. E. Wicker, Harold Abrams, H. H. Constantine, Jr., H. H. Baskins and T. J. Watkins, trading as the Board of Stewards of Clearwater M. E. Church, Clearwater, Florida, were indebted to the plaintiff in a large sum of money, to-wit: $1782.26, as consideration for the sale of a certain pipe organ placed in said First Methodist Church of Clearwater, Florida, by plaintiff, and by their two promissory notes of that date, each dated June 6th 1927, promised to pay to the plaintiff on June 6, 1928, by one note in the sum of $883.82 with interest from date, and it was further provided if said notes be placed in the hands of an attorney for collection an additional sum should be paid by the maker for a reasonable attorney's fee; and at said time and place said defendants also delivered to the plaintiff their said second promissory note for $898.38, payable December 6, 1928, to the plaintiff, with interest, from date, and an additional sum for a reasonable attorney's fee, if placed in the hands of an attorney for collection, as will more fully appear by a true copy of said notes

hereto attached as a part hereof; that no part of said notes have been paid, either principal or interest, and plaintiff has been compelled to place the same in the hands of an attorney for collection and it agreed to pay a reasonable attorneys fee, in such sum as might be found to be reasonable in this cause; that no part of said sum has been paid and there is now due and owing to the plaintiff by the defendants the said sum of $1782.20 for principal, together with the further sum of $.... interest at the rate of 6% per annum from June 6, 1927, together with a reasonable attorneys fee for plaintiff's attorney; and plaintiff avers that after the execution of the foregoing notes in the year 1929, the following named defendants have been elected by said congregation and succeeded the first above named as the Board of Stewards of Clearwater, M. E. Church; G. F. Washburn, E. R. Turner, H. Astor, D. F. Crawford, Byrd McMullen, E. J. Daniel, A. G. McQuagge, J. R. Thomas, H. H. Constantine, John Manss, H H. Baskin, T. J. Watkins, J. P. Clarkson, E. C. Hogan, Z. B. Littlejohn, E. W. McMullen, Luke Martin, Russell Martin, A. E. Purvience, J. W. Reid, J. F. Ruff, George D. Tompkins, W. C. Tucker, Douglas Bailey, H. B. Astor, J. Atkinson and G. H. Shaw, and have succeeded to and assumed all indebtedness of said former Board of Stewards, including the above described notes, and have received into their possession with full knowledge of the said debt and are now in possession of, using and enjoying the said organ which was the consideration for the execution of said notes

Wherefore, the plaintiff says a right of action has accrued to it to demand and receive from the defendants, and each of them, as aforesaid, the principal, interest and attorney's fees herein set forth; therefore plaintiff brings suit and claims damages in the sum of Three Thousand Dollars ($3000.00)''.

The notes sued on were attached to the declaration and made a part thereof and were signed as follows:

"THE BOARD OF STEWARDS
CLEARWATER M. E. CHURCH
By A. G. McQuagge
Sec. to the Board.''

Demurrer was filed to the declaration. Separate demurrers were filed by several defendants. All demurrers were sustained.

The plaintiff refusing to plead further, judgment was entered in favor of the defendants.

First, we must consider the question as to whether or not the "Board of Stewards of Clearwater M. E. Church, Clearwater, Florida, an unincorporated religious society," may be held liable as an organization on contracts. The question is definitely answered in the negative by opinion in the case of Phillips & Co. vs. Hall, et al., 99 Fla. 1206, 128 Sou. 635, in which this Court said:

"In Summerhill vs. Wilkes, 63 Tex. Civ. App. 456, 133 S. W. 492, 493, a case where the building committee of a church was sued on a contract made by the 'Cumberland Presbyterian Church of Abbott, by F. B. Wilkes, chairman of its building committee' with the Texas Seating Company, which was assigned to the plaintiff, Summerhill, the Court said, among other things:

'The law is that an unincorporated church organization cannot be made liable on its contracts. Nor can an officer of such church organization be made liable in his official capacity; but a contract signed by an officer in his official capacity binds him individually and not the. church.'

In Forsberg v. Zehm, 150 Va. 756, 143 S. E. 284, 61 A. L. R. 232, we have a case where the Stewards of Ghent Methodist Episcopal Church South were sued personally for a breach of a contract of employment of plaintiff as organist and choir leader and it was therein contended by the defendants that the contract was made through agents with a known principal named in the instrument, and therefore they were not liable to suit. The position of the court as to this contention is briefly stated in the first headnote to the case as reported in 61 A. L. R. 232, as follows:

'That a church is named· as party in a contract for the services of a music director does not, if the

church is unable to contract, prevent the members of the board acting for the church, from being individually bound by the contract.' ''

And further, in the same opinion it is said:

"The Supreme Court of South Carolina has held that an agent assuming to act for a principal who has no legal status or existence is individually liable on contract so made. Medlin v. Ebenezer Methodist Church, et al., 132 S. C. 498, 128 S. E. 830. See also 21 R. C. L. 847; McCartee v. Chambers, 6 Wend. (N. Y.) 649, 22 Am. Dec. 556; Ryerson v. Shaw, 277 Ill. 524, 115 N. E. 650; Codding v. Munson, 52 Neb. 580, 72 N. W. 846, 66 Am. St. Rep. 524; Alkahest Lyceum System v. Featherstone, 113 Miss. 226, 74 So. 151; Lawler v. Murphy, 58 Conn. 294, 20 A. 457, 8 L. R. A. 113; Fredendall v. Taylor, 23 Wis. 538, 99 Am. Dec. 203; Eichbaum v. Irons, 6 Watts & S. (Pa.) 67, 40 Am. Dec. 540.

The same principle which we have been discussing is applied to cases where parties signing contracts designate themselves as trustees of an unincorporated association or other cestuis que trust. Zehnbar v. Spillman, 25 Fla. 591, 6 So. 214; Robinson v. Springfield Co., 21 Fla. 203; Higgins v. Driggs, 21 Fla. 103; Taylor v. Mayo, 110 U. S. 330, 4 S. Ct. 147, 28 L. Ed. 163; 26 R. C. L. 1316; Ogden, Negotiable Instruments 25.''

The declaration clearly attempts to fix a liability on each of the defendants in his official capacity as an officer of the church. Such liability cannot be enforced, as is pointed out in the opinion above referred to. The individuals composing the Board of Stewards of Clearwater M. E. Church could not be held liable as individuals because it is not alleged that either of them signed the notes sued on.

It is true that it is alleged that A. G. McQuagge signed the note as Secretary to the Board but it appears that McQuagge executed the note in the name of "The Board of Stewards of Clearwater M. E. Church" in his representative capacity as Secretary to the Board. Inasmuch as the Board of Stewards could not, as a matter of law, become liable in their official capacity on the contract

there can be no authority vested in McQuagge to bind the Board of Stewards by the execution of a contract by him; and as this is a matter of law the payee was charged with notice that the note was executed by a person in his representative capacity and the payee took the note with the knowledge that it was executed without legal authority and, therefore, the payee could not enforce it against McQuagge who so executed it. See 2 C. J. 809, Sec. 482, and cases there cited; Newport vs. Smith, 61 Minn. 277, 63 N. W. 734; Eliason State Bank vs. Montevideo Base-Ball Association, 160 Minn. 341, 200 N. W. 300.

There is a distinction between the liability of one who signs a note as an official of an unincorporated church organization, who by signing such note becomes personally liable for the payment thereof, and the liability of one who signs a note in the name of an official Board of such unincorporated church organization, in which latter case the execution binds no one in any capacity, as is seen by the authorities last above cited. See Schloss vs. McIntyre, 147 Ala. 557, 41 Sou. 11; Smith vs. Sherman, 113 Iowa 601, 85 N. W. 747; Jeff vs. York, 10 Cush. (Mass.) 392; Michael vs. Jones, 84 Mo. 578; Humphrey vs. Jones, 71 Mo. 62.

The demurrers were properly sustained. The judgment should be affirmed and it is so ordered.

Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.