160 So. 689

## FOSTER v. FEATHERSTON.
### 3 Div. 121.

Supreme Court of Alabama.
Feb. 28, 1935.

Rehearing Denied April 11, 1935.

Heirston L. Foster and Hill, Hill, Whiting, Thomas & Rives, all of Montgomery, for appellant.

Ball & Ball, of Montgomery, for appellee.

FOSTER, Justice.

This is an action against appellant personally on notes signed by him in the following words: "The estate of H. W. Fancher, deceased, by Heirston L. Foster, as executor." Fancher had borrowed the money from appellee, and had given a mortgage on real estate, due September 7, 1928. The debt was extended by mutual agreement to September 7, 1931. Fancher died before it matured on the latter date. Appellant, as such executor, and appellee agreed to extend it to September 7, 1932. On that day the notes sued on were executed. The mortgage was later foreclosed, and this is a deficiency suit for the balance of the amount after crediting the purchase price at foreclosure sale.

On September 7, 1932, the debt as a personal claim against the estate was barred by nonclaim. Section 5830, Code, was not complied with. Decedent's will gave him no such authority.

The general rule in Alabama is that when an executor executes a note which pur-

ports to be the obligation of the estate, and he is not authorized to bind the estate, he is himself personally liable on the note, and cannot be relieved because there was a mutual intention only to bind the estate. Whiteside v. Jennings, 19 Ala. 784; Vann v. Vann, 71 Ala. 154; Gillis v. White, 214 Ala. 22, 106 So. 166; McCalley v. Wilburn, 77 Ala. 549; Pointer v. Farmers' Fertilizer Co., ante, p. 87, 160 So. 252; Soper v. Pointer (C. C. A.) 67 F.(2d) 676; section 9048, Code.

But we think it is also well settled that such rule does not apply when the payee has knowledge of the fact that the executor has no such authority, and the note shows clearly that it was the intention of the parties that it was not the personal obligation of the executor, but only that of the estate. Schloss v. McIntyre, 147 Ala. 557, 41 So. 11; Ware v. Morgan, 67 Ala. 461; 2 Corpus Juris 809, and cases in notes; Eliason State Bank v. Montevideo Baseball Ass'n, 160 Minn. 341, 200 N. W. 300; Hunt v. Adams, 111 Fla. 164, 149 So. 24.

We do not think that section 9048, Code, means that the executor is necessarily bound if the principal is not. That is not its language. It is not inconsistent with the theory that neither may be bound, and is not when the payee knows that the executor has no authority to bind the estate, and the note shows, or the intention is otherwise made to appear in a legal manner, that the estate only was to be bound. Eliason State Bank v. Montevideo Baseball Ass'n, supra.

There is no evidence whether appellee had notice that section 5830, Code, had not been complied with. But appellee, the creditor, must present the claim as required by section 5815, Code, amended by Gen. Acts 1931, p. 840, or its payment or allowance is prohibited. He is responsible for a failure in this regard whether he knows the law or not, or knows whether it has been presented by his agent or attorney. So that when the notes sued on were executed he knew that the estate was not liable and could not be made liable, and that the executor could not use the funds of the estate to pay the debt, except that the property on which appellee had a mortgage could be subjected without a presentation under section 5815, Code. Arbo v. State Bank of Elberta, 226 Ala. 52, 145 So. 318.

If with such knowledge appellee accepts a note which purports to bind the estate only, he knows he is not getting a valid obligation, is not deceived or misled, and cannot hold the executor personally liable.

We think that the court trying the case without a jury should have rendered a judgment for appellant. We will therefore reverse the judgment and render one in his behalf.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

On Rehearing.

FOSTER, Justice.

Our cases had, prior to the adoption of the Negotiable Instruments Act and section 9048, Code, as a part of it, held that when an agent, guardian, executor, or administrator executes a note which on its face purports only to bind the principal, ward, or estate, but fails to do so, for want of authority, the agent is himself personally liable as if he were named as principal. Whiteside v. Jennings, 19 Ala. 784; McCalley v. Wilburn, 77 Ala. 549, 552; Ware v. Morgan, 67 Ala. 461, 468; Steele v. Steele's Adm'r, 64 Ala. 438, 38 Am. Rep. 15; Vanderveer v. Ware, 65 Ala. 606; Gillis v. White, 214 Ala. 22, 106 So. 166; Lutz v. Van Heynigen Brokerage Co., 199 Ala. 620 (7), 627, 75 So. 284.

Those authorities show clearly that guardians, executors, and administrators are thus held on the same principles which apply to agents, and are governed in this, as in some other respects, by the same rules.

Many state courts and the modern trend of authority followed the common-law principle that under such circumstances the agent or executor was not liable on the obligation but only for damages on an implied warranty in the nature of deceit, resulting from the agent's misrepresentation of authority or concealment of a want of it. New Georgia National Bank v. J. & G. Lippman, 249 N. Y. 307, 164 N. E. 108, 60 A. L. R. 1344; Christensen v. Nielson, 73 Utah, 603, 276 P. 645; Mendelsohn v. Holton, 253 Mass. 362, 149 N. E. 38, 42 A. L. R. 1307, note 1310, 1312; 2 Corpus Juris 806; Pointer v. Farmers' Fertilizer Co., ante, p. 87, 160 So. 252.

But the Uniform Negotiable Instruments Act (section 9048, Code) has been construed to change the rule in those states, and by construction merely to adopt what had been so declared in Alabama. The statute mentioned does not so expressly state, but its proper interpretation puts at rest a controversy as to whether there is a personal liability, though there is ambiguity as to the intent, when the instrument indicates that it is executed for

a named principal, or in a representative capacity. New Georgia National Bank v. J. & G. Lippman, supra.

■ There is no occasion to suppose that the rule of liability under such circumstances is not subject to the limitations which had theretofore been approved in Alabama, Schloss & Kahn v. McIntyre, 147 Ala. 557, 41 So. 11, 12; Ware v. Morgan, 67 Ala. 461; McQuiddy Printing Co. v. Head, 7 Ala. App. 384, 62 So. 287; Wolfe & Sons v. McKeon, 2 Ala. App. 421, 57 So. 63, and which exists in other jurisdictions, 2 Corpus Juris 809; Eliason State Bank v. Montevideo Baseball Ass'n, 160 Minn. 341, 200 N. W. 300; Hunt v. Adams, 111 Fla. 164, 149 So. 24.

Or that such rule of liability is not set up for the reasons controlling in its adoption in Alabama. In our case of Ware v. Morgan, supra, such reason is thus stated:

"An agent having in fact no authority, and yet assuming to bind his principal, incurs a personal liability. If, with knowledge of the want of authority, he represents himself as leaving [having] it to one ignorant of the facts, and dealing on the faith of the representation, he is guilty of deliberate fraud, and of his liability for the resulting injury there is no doubt. And if not having authority, yet with an honest belief that he has it, he deals with another, he is liable for the resulting injury. The difference in the two classes of cases, is in the degree of moral wrong only, and not in the degree of injury to the other contracting party relying on his representation. The true principle on which the liability of an agent for an authorized [unauthorized] contract rests is that he has been guilty of a wrong, or omission, depriving the party dealing with him of the benefit of the liability of the principal, for which he contracts.—Smoot v. Ilbery, 10 Mees. & Wels. 1. When he is guilty of no wrong or omission, when there is a full and honest disclosure of the nature and extent of his authority; when the party dealing with him has all the knowledge and information which the agent possesses, there is no liability resting on him, though his act or contract proves to be ultra vires.—Jefts v. York, 10 Cush. [Mass.] 392; Newman v. Sylvester, 42 Ind. 106." Lutz v. Van Heynigen Brokerage Co., 199 Ala. 620 (7), 627, 628, 75 So. 284.

It is said in Schloss & Kahn v. McIntyre, supra: "Where all the facts are known to both parties, and the mistake is one of law as to the liability of the principal, the fact that the principal cannot be bound is no ground for charging the agent." Also, "that in all the cases in which an agent has been held personally responsible 'it will be found that he has either been guilty of some fraud, has made some statement which he knew to be false, or has stated as true what he did not know to be true, omitting at the same time to give such information to the other contracting party as would enable him, equally with himself, to judge as to the authority under which he proposed to act.'" In Wolfe & Sons v. McKeon, 2 Ala. App. 421, 57 So. 63, the same principles are given application to similar situations.

Under our decisions it is the result of a constructive fraud by withholding information from the creditor of his want of authority, and thereby depriving him of the benefit of a contract with the principal, to the damage or injury of the creditor. There can be no such fraud if the creditor already is so informed, or sustains no damage on that account.

The gist of plaintiff's action is that at the time of the execution of the note by appellant signing for and in the name of the estate, he did not and could not bind the estate because as a claim against it, it was barred by section 5815, Code (amended by Gen. Acts 1931, p. 840), nonclaim; and for the further reason that the will did not relieve him from the bar of that statute. The contention is therefore predicated upon the nonexistence of the claim as a debt against the estate, and that no act of the executor at that time, whether by waiver, express promise, or otherwise, could restore it as such, and no funds of the estate could legally be then or thereafter used to pay it. Section 5815, Code; Grimball v. Mastin, 77 Ala. 553; Pipkin v. Hewlett, 17 Ala. 291.

Appellee, of course, makes no claim that the conduct of appellant in and about the execution of the note prevented him from presenting his claim. It was then already barred.

Such conduct during the time in which the claim could be presented may be the equivalent of a presentation. Rosser v. Sanders, 219 Ala. 327, 122 So. 340. But, on page 28 of the transcript, it is admitted that there was no presentation of the claim under the statute of nonclaim. It is settled by our cases that if the payee of the note knows when he takes it facts which show that the principal is not bound, and the note on its face purports only to bind the principal, he cannot hold the agent personally because the principal is as a matter of law not bound. The question is not controlled by the fact that appellant led

appellee to the belief that the notes would be paid, and thereby caused him to postpone the foreclosure of his mortgage. This is only so when he is misled in ignorance of the facts which control the situation. If he knows the facts, he knows the legal status. He knew the claim had not been presented, so that he knew that it could not be legally paid out of the estate, unless there was some other legal authority to do so.

■ Appellant's note shows that he did not agree personally to be bound. Its tenor cannot be changed by a different parol agreement then made. If he is bound, it is so only because of the legal effect of a want of authority to bind the estate. His acts and conduct and contemporaneous agreements, not expressed in the note, did not affect his legal status, except as it may show knowledge of the facts by appellee. Appellee sues on the note, not some other agreement. He insists also that he did not know that the will did not waive the statute of nonclaim, that he did not know the terms of the will, nor that it did not relieve him of that duty.

■■ But the statute of nonclaim is a law known to all parties, and the testator can only set aside its requirements by creating a trust upon some or all his property. A mere general declaration that his debts shall be paid out of his estate and a power of sale to pay them has been held many times in Alabama (contrary to the English rule) not to create a lien or trust sufficient to remove the statute of nonclaim or of limitations. But there must be the clear declaration of a trust for that purpose. Carrington v. Manning's Heirs, 13 Ala. 611, 634; Steele v. Steele's Adm'r, 64 Ala. 438, 458, 459, 460, 38 Am. Rep. 15; 24 Corpus Juris 322; 65 A. L. R. 862; Lewis v. Ford, 67 Ala. 143; Starke v. Wilson, 65 Ala. 576.

If there had been such a trust created, it "would have been a claim to specific property, and not strictly a demand involving the relationship of debtor and creditor." Rhodes v. Hannah's Adm'r, 66 Ala. 215.

Appellee is not therefore in position to assume that the will relieved him of the statutory requirements, since that could only be to the extent that the statute shall not prevent the enforcement of a trust or other lien.

The question here is dependent upon the absence of authority to subject the estate to liability as for a general debt, and subject it to suit for a personal judgment, and information of those facts by the creditor. That

could not be done if it was barred by nonclaim, when appellee knew that it was barred, though he may not have known that he did not have a lien or trust created by the will which would not justify a personal judgment for a debt so barred. It is clearly within the principle of our cases, emphasized in Wolfe & Sons v. McKeon, supra.

We have based our conclusion as to the legal status of the parties, assuming that the trial court correctly found all disputed facts, in favor of appellee. On those facts, appellant was due a judgment in our opinion.

Application for rehearing overruled.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.