69 So.2d 650 (1954)
ROSS et al.
v.
GERUNG.
Supreme Court of Florida. Special Division B.
January 15, 1954.
Melvin Schaffer and James Pilafian, Miami, for appellants.
Middleton McDonald, Miami, for appellee.
SEBRING, Justice.
The defendants below have appealed from a final decree granting to the plaintiff an equitable lien upon the church property of an unincorporated religious society to secure the payment of the reasonable value of work done and materials furnished in the repair of the church building located thereon.
The facts out of which the litigation arose are virtually uncontested. There is evidence that the defendants below, Ross, Smith and Williams, are, respectively, the pastor, chairman of the Board of Trustees, and a deacon of the Friendship Missionary Baptist Church of Miami, Florida. Ross and Smith made arrangements with Gerung, the plaintiff, to have him make certain repairs to the church building. During the course of the work the City of Miami required additional work to be done on the building to meet municipal construction standards. Upon being advised of this fact, Ross and Smith instructed Gerung to *651 proceed, and in reliance upon these instructions Gerung went forward with the work as required and directed. Upon completion of the project Gerung presented a bill for the full amount due under the contract. When payment for the work done and materials furnished was refused, Gerung instituted the present suit in equity naming as defendants the three parties above listed, "as Trustees and as representatives of the whole membership of Friendship Missionary Baptist Church."
Evidence was submitted upon the issues made by the complaint and answer. After the evidence was in the special master filed his report containing findings and recommendations substantially as follows: (1) Although the members of the church congregation are the beneficial owners of the property and consequently are the real parties in interest, the trustees having only the bare legal title, said members constitute a class so numerous as to make it impracticable to bring them all before the court, and they are fairly represented as a class, in compliance with Equity Rule 14, 31 F.S.A., by the three individual defendants who are members of the congregation, and the two trustees not made defendants are proper but not indispensable parties. (2) The allegations of the complaint are sufficient as a basis for the allowance of an equitable lien, notwithstanding the mention in the complaint of the Uniform Mechanic Lien Act, which act cannot be invoked against an unincorporated association incapable of making a contract upon which such a statutory lien depends.
Exceptions to the report of the special master were overruled by the chancellor. From the final decree confirming the master's report and adjudicating the amount due the plaintiff and imposing an equitable lien upon the church property to secure the payment of the same, this appeal was taken.
Only two issues are presented by the appellants for determination by this Court: First, was this a permissible class action? Second, can real property belonging to an unincorporated church organization be held liable on the basis of an equitable lien?
As to the first issue, Equity Rule 14 provides that "When the question is one of common or general interest to many persons constituting a class so numerous as to make it impracticable to bring them all before the court, one or more may sue or defend for the whole." In the application of this rule care must be taken to determine that the parties named truly represent the class and have the necessary community of interest; the test to be applied being whether "the interest of persons not parties to [the] suit can be better protected [if] * * * they defend for themselves after being proceeded against." See City of Lakeland v. Chase Nat. Co., 159 Fla. 783, 32 So.2d 833.
It is obvious that when the defendant class consists of 900 members, as in the case at bar, service upon each of the members is not merely inconvenient but is so impracticable as to justify a class or representative action. Having reached this conclusion, the only real question in the instant suit is whether the three parties who were named defendants are sufficient under the circumstances of the case to truly represent the class as to whom the suit is directed.
Certainly, the fact that only three members of a church society consisting of 900 members were made parties defendant does not in and of itself require a finding that these defendants were not fairly representative of the class sought to be reached by the suit instituted against them; for it is conceivable that in a proper case even a single party as representative of the whole membership may sue or defend for the whole. See Meier v. Johnston, 110 Fla. 374, 149 So. 185. See also Realty Trust Co. v. First Baptist Church of Haskell, Tex.Civ.App., 46 S.W.2d 1009.
In the case at bar the evidence is to the effect that the three individual defendants are governing officers and members of the congregation; they were active in administration of its affairs; there had been no imputation of their competence or good faith in and about such administration. On this evidence a finding was made by the *652 special master that defendants "did fairly, fully, honestly and diligently defend in behalf of the whole membership of the church." In our view the record sustains this finding and the conclusion of the special master that the persons named as defendants were fairly representative of the congregation, the members of which would not have been any better protected if the suit had been defended by other or larger numbers from their ranks. Cf. City of Lakeland v. Chase Nat. Co., supra.
As to the second issue presented on this appeal, that is, whether real property belonging to an unincorporated church organization can be held liable on the basis of an equitable lien, the appellants contend that the instant suit will not lie because of the rule of law that an unincorporated church organization cannot be made liable on its contracts. Henry Pilcher's Sons, Inc. v. Martin, 102 Fla. 672, 136 So. 386, and authorities cited. In our view the principle contended for by the appellants does not control the present litigation. It is the general rule that even in the absence of an enabling act "an action may be maintained against an unincorporated association for the purpose of subjecting its property to an equitable lien where no personal judgment is sought against the association." 7 C.J.S., Associations, § 36(a) (1). This ancient doctrine is fully discussed in Society of Shakers v. Watson, 6 Cir., 1885, 68 F. 730, 738, a case involving an analogous situation. As appears from the opinion, money was advanced in good faith to the church society and used by it in improving its property. An equitable lien was imposed on the church property to secure its repayment even though the church membership could not be held liable in contract on an obligation which was incurred, as in the present case, by certain officers of the society; it being the conclusion of the court that "the consideration of the note went to augment the fund [or property] upon which it is sought to charge it", and consequently that the impression of an equitable lien upon the property was in order.
In this jurisdiction equitable liens rest upon principles similar in their applicability to those set forth in Society of Shakers v. Watson, supra. Such liens may arise from written contracts which show an intention to charge some particular property with a debt or obligation, or they may be declared by a court of equity out of general consideration of right and justice as applied to the relations of the parties and the circumstances of their dealings. Jones v. Carpenter, 90 Fla. 407, 106 So. 127, 43 A.L.R. 1409.
From the record in the case at bar, it is clear that plaintiff's labor and materials have been used to augment or improve the property sought to be charged, and the evidence discloses that members of the church congregation at large assisted on the project and were well acquainted with the extent and nature of the work required and authorized by the defendants on their behalf. While the allegation was made in the complaint "that plaintiff has complied with all the requirements of Chapter 84, Florida Statutes [F.S.A.], and is entitled to and has a lien on the real property * * * for said $1,351.62 and interest, and this action is brought for the enforcement thereof," the prayer of the bill was simply "that the plaintiff be decreed to have a lien on the real property * * * to secure the payment" of the amount found to be due for work and materials furnished.
Our conclusion is that inasmuch as the complaint alleged sufficient facts to show a cause of action for an equitable lien, the chancellor ruled correctly, under this prayer, and under the prayer for general relief that is implicitly written into every complaint filed under our equity practice, Equity Rule 28, in granting to the plaintiff the equitable relief supported by the allegations and proof in the cause, even though some mention was made in the complaint of the right to a form of statutory relief that was not grantable because of the inability of the defendants to make a legally binding contract for and on behalf of the church society for which they were *653 acting. Cf. Lee v. Patten, 34 Fla. 149, 158, 15 So. 775; Smith v. Dupuis, 117 Fla. 222, 231, 157 So. 491.
It follows from the conclusions reached that the decree appealed from should be affirmed.
It is so ordered.
ROBERTS, C.J., and HOBSON and DREW, JJ., concur.